.Tames D. Hopkihs, J.
Two motions have been submitted. By the first motion, the plaintiffs move for an order striking out the defense in the answer as it applies to the defendants Westchester County and Westchester County Playland Commission. By the cross motion, the defendants move for summary judgment.
The complaint alleges two causes of action: (1) an action by his guardian ad litem on behalf of the infant plaintiff to recover damages arising from personal injuries allegedly suffered by bim due to the defendants ’ negligence in maintaining a walkway at Playland, an amusement park; (2) an action by the mother *218 of the infant for medical expenses and loss of services as a result of the infant’s injuries. In addition to the defendant county and defendant Playland Commission, the actions join as a defendant Westchester County Park Commission.
The defense under challenge alleges that the action was not commenced within the time limited by law. The date of the happening of the accident is alleged as May 23, 1960; notice of claim was served on June 29, 1960; and the action was commenced on May 1, 1961. Both the plaintiffs’ motion and the defendants’ cross motion depend for resolution on the effect of section 50-i of the General Municipal Law in relation to the special provisions of law applicable to the defendant county and Playland Commission. (L. 1941, ch. 777, § 10; L. 1948, ch. 852, § 501.)
Since the defendants’ motion attacks the validity of the causes of action stated in the complaint, it is considered first. It is disposed of as follows:
1. Upon consent of the plaintiffs, it is granted in favor of the defendant Park Commission. No notice of claim was served on this defendant.
2. The defendants county and Playland Commission concede that no bar of a Statute of Limitations, whatever may be the pertinent period, can be asserted against the cause of action on behalf of the infant plaintiff. The effect of a Statute of Limitations is suspended during infancy (Francies v. County of Westchester, 3 A D 2d 850).
The defendant county contends as a ground for summary judgment that it cannot be liable for any negligence in the operation of Playland, because as a matter of law the management and control of the park is vested solely in the defendant Playland Commission (L. 1941, ch. 777). It is argued that although title to the real property is held by the defendant county, it does not and cannot exercise control over the property. Whether control has been exercised over the property by the defendant county is a matter of proof. The facts concerning this question lie wholly within the possession of the defendants. Under these circumstances summary judgment should not be granted (De France v. Oestrike, 8 A D 2d 735; Verity v. Peoples State Bank of Baldwin, 1 A D 2d 833). Even assuming that the defendant county is acting ultra vires in exercising powers not granted to it, it is still true that it may become liable under certain conditions (Augustine v. Town of Brant, 249 N. Y. 198). The determination of these questions should await the trial. The motion for summary judgment is accordingly denied as to the cause of action on behalf of the infant plaintiff.
*219 3. The mother’s action was timely instituted if the Statute of Limitations prescribed by section 50-i of the General Municipal Law (1 year and 90 days) applies but not if the limitation prescribed by the special provisions of law relating to the defendants (9 months) apply (L. 1941, ch. 777, § 10; L. 1948, ch. 852, § 501).
Section 50-i of the General Municipal Law was enacted by chapter 788 of the Laws of 1959, effective September 1, 1959, subsequent to the decisions of Field v. Westchester County Playland Comm. (1 A D 2d 684) and Zappulla v. County of Westchester (3 A D 2d 856). The section is explicit in declaring that it ‘ ‘ shall be applicable notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any city charter ’ ’; and it refers specifically to an action against a county. The enactment of the section followed a recommendation of the Joint Legislative Committee on Municipal Tort Liability which stated that its purpose was to clarify and make uniform the provisions of law governing the commencement of actions against municipal corporations. It accordingly supersedes contrary provisions of law with respect to the defendant county (cf. Matter of Kramer, 2 Misc 2d 644, 646).
The question presents more difficulties with respect to the defendant Playland Commission. Section 50-e of the General Municipal Law has been said to apply to public corporations (Robinson v. New York City Housing Auth., 8 A D 2d 747, affd. 7 N Y 2d 908) and the section has been inferentially held to extend to the defendant Playland Commission (cf. Fullam v. Westchester County Playland Comm., 273 App. Div. 1011, affd. 300 N. Y. 752). But these are plain differences between sections 50-i and 50-e of the General Municipal Law. Section 50-e by its terms applies to the procedure to be followed in filing a notice of claim against ‘ ‘ a public corporation ’ ’; section 50-i by its terms applies to the necessity as a matter of pleading and proof for the filing of notices of claim, and the time in which the commencement of actions against “ a city, county, town or village ” shall be made. The deliberate choice of the language enumerating the four municipal corporations in the latter statute is significant, for it excludes the other forms of public corporations defined by law (General Corporation Law, § 3, subd. 1). For that reason, it is decided that the special limitation of time for the commencement of actions against the defendant Playland Commission still prevails. The motion for summary judgment in relation to the mother’s action must therefore be denied as to the defendant county but granted in favor of the defendant Playland Commission.
*220 The plaintiffs’ motion to strike the defense alleging the Statute of Limitations must be considered in light of the foregoing discussion. It follows that the plaintiffs ’ motion is granted to the extent that the defense is pleaded as a bar to the cause of action on behalf of the infant, and denied as to the defendant Playland Commission insofar as the defense is pleaded to the cause of action on behalf of the mother.