Edward M. O’Gorman, J.
At the age of 14, the above-named John J. Clark was injured in an accident on July 22, 1968, allegedly because of the negligence of the defendants. A guardian ad litem was appointed and commenced an action on behalf of the said infant on July 11, 1975.
The defendant Bilt-Rite Land Corp. heretofore moved to dismiss the complaint, on the ground that the court had no jurisdiction over the said defendant inasmuch as that corporation had not been properly served with process. That motion has not been finally determined.
While said prior motion was pending, the plaintiffs caused service of process, captioned as above, to be made on the defendant Bilt-Rite through the Secretary of State on June 3, 1975.
*1027 The defendant Bilt-Rite now moves to dismiss this latter action on the following grounds: that the plaintiff lacked legal capacity to sue; that there is another action pending between the same parties for the same cause of action; and that the cause of action last commenced was barred by the Statute of Limitations.
With respect to the first ground of objection, at the very outset it should be pointed out that whether Clark or the named guardian ad litem is regarded as the party plaintiff, neither one lacks the legal capacity to bring an action. However, CPLR 1202 indicates that it is the infant himself who is the party in actions brought for or against the infant. As was stated in the Practice Commentary in connection with the said rule, "[T]he guardian is no more a party than the infant’s attorney” (McLaughlin Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1974-1975 Pocket Part, CPLR 1202, p 162). Having come of age, the plaintiff is no longer required to bring this action by a guardian ad litem. He has a right to come into court, and he possesses the cause of action as the real party in interest (see Carmody-Wait [2d ed], New York Practice, § 19:3).
The misnomer contained in the caption of this action can be corrected by amendment without prejudice to the defendants (CPLR 2001).
With respect to the second ground of objection, even assuming that there is a prior action pending between the same parties for the same relief, the court is no longer required by statute to dismiss the second action (see CPLR 3211, subd [a], par 4). In this case, should it ultimately be determined that there are in fact two actions pending against this defendant for the relief demanded in the latter complaint, that condition can be remedied, without prejudice to the defendant, by an order of consolidation. However, in the present state of the pleadings, it has not yet been determined whether there is in fact a prior action pending against the defendant. Indeed, it is the defendant Bilt-Rite’s contention, by its prior motion, that there is no prior action pending against it. Under such circumstances, the present action should not be dismissed. In this connection, reference should be made to the commentary of Professor Siegel contained in Commentary C3211:16 of McKinney’s Civil Practice Law and Rules (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3211:16, p 23). After pointing out the unfairness of such *1028 conflicting positions, the commentary tersely sums up such a defendant’s status in the phrase, "He cannot have things both ways.”
As a final basis for dismissal of the action, the defendant urges that the action commenced on June 3, 1975 was barred by the Statute of Limitations. The contention is based on the provisions of CPLR 208, the pertinent portions of which are as follows: "If a person entitled to commence an action is [under a disability because of infancy or insanity] at the time the cause of action accrues * * * and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases, or the person under the disability dies, the time within which the action must be commenced shall be extended to three years after the disability ceases or the person under the disability dies, whichever event first occurs”.
The defendant argues that by reason of the amendment to CPLR 105 (subd [j]), effective September 1, 1974, the disability of the plaintiff Clark to bring an action terminated when he became 18 on August 26, 1971. Defendant argues that the Statute of Limitations, no longer tolled after the infant’s eighteenth birthday, pursuant to the provisions of CPLR 208, bars the commencement of any action based on the 1968 accident after August 26, 1974, which date is three years from the date the plaintiff became 18.
The defendant cites in support of his contention a portion of the commentary of Professor McLaughlin (Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1974-1975 Pocket Part, CPLR 208:5, p 21) in which the statement is made: "Although an argument could be constructed from CPLR 218(b) that plaintiff is entitled to the longer statute of limitations provided by the former CPLR 208, the writer believes this to be unsound. The legislative history of CPLR 218 and, indeed, its very caption suggest that CPLR 218 was to apply only to causes of action which accrued under the Civil Practice Act. Accordingly, an amendment to the CPLR should not trigger the transitional provisions of the CPA-CPLR, and even if the effect of the amendment is to abbreviate the time in which the plaintiff must bring the action, the amendment should be effective on its prescribed date.”
The interpretation of CPLR 208 urged by the defendant would give the Statute of Limitations a retroactive application *1029 in this case. In the court’s opinion, this result in a case such as the present one would be undesirable and of doubtful validity. Furthermore, such a result runs counter to the language of the statute itself. The statutory language clearly states that an action must be commenced within three years after the disability of infancy ceases. In the case of this particular plaintiff, his disability to bring an action on his own behalf ceased on August 26, 1974, the date he became 21 years of age (this being prior to the effective date of the amendment to CPLR 105, subd [j]). The time within which he thereafter could bring an action based on the injuries which he allegedly suffered as an infant was extended, in the language of CPLR 208, to "three years after the disability ceases”, which, in this case, was three years after August 26, 1974.
Such a result is brought about simply by applying the language of CPLR 208 to the facts of this case, and not by resort to any constrained application of CPLR 218 (subd [b]). A careful reading of the commentary of Professor McLaughlin (supra) demonstrates that he was not considering a case such as the instant case, but rather was referring to the cases of those who reached the age of 18 years after September 1, 1974.
The court is therefore of the opinion that the action on behalf of John J. Clark commenced on June 3, 1975 was not at that time barred by the Statute of Limitations.
For the foregoing reasons, the motion to dismiss the complaint on behalf of said plaintiff herein will be denied.
The cause of action of the plaintiff June Patsalos, individually, will be dismissed on consent of that plaintiff.