Leonard Rubenfeld, J.
Plaintiff in this negligence action moves to dismiss the affirmative defense of the Statute of Limitations on the ground that the action was timely commenced.
The accident involved a bumper car ride collision at Rye *14 Playland on July 14, 1974. Notice of claim was served upon the "Playland Rye Commission” on September 24, 1974. This action was commenced by service of a summons and complaint upon the "Playland Rye Commission” on June 11, 1975.
Plaintiffs allege that this action was timely commenced because it was commenced within 1 year and 90 days of the accident as required by section 50-i of the General Municipal Law and, with respect to the plaintiff, Ann Atwell, who was an infant on the date of the accident, because it was commenced well before 1 year and 90 days after she will become 21 years of age.
Respondent maintains, and the court agrees, that actions against the Westchester County Playland Commission must normally be commenced within a period of nine months from the date of the accident (L 1941, ch 777, § 10; L 1948, ch 852, § 501; cf. Perculani v Westchester County Playland Comm., 226 NYS2d 517; Oraczewski v Westchester County, 221 NYS2d 485) and not within the 1 year and 90-day period which would control if section 50-i of the General Municipal Law were applicable. It is clear therefore, that the derivative cause of action of Robert Atwell, Ann’s father, is barred even if her cause of action survives by reason of her infancy at the time of the accident (cf. Kratz v Dussault, 33 AD2d 826).
The plaintiff, Ann Atwell, was born on June 20, 1955. She was 19 years old on the date of the accident (July 14, 1974) and on the effective date (September 1, 1974) that the CPLR was amended to provide that an infant is "a person who has not attained the age of eighteen years” (CPLR 105, subd [j]) and that if a person "is under a disability because of infancy” (rather than "under the age of twenty-one years”), the time limited for commencing an action is extended (CPLR 208).
Plaintiff maintains that since she was under 21 at the time of the accident and since her cause of action accrued prior to the effective date of the above amendments, the original version of CPLR 208 controls and the Statute of Limitations is tolled until she reaches age 21. Defendant contends that plaintiff’s disability ended on September 1, 1974 when the amendments became effective and that she had nine months from that date (June 1, 1975) to commence her action. Since the action was not commenced until June 11, 1975, she is said to be barred.
Dean McLaughlin in his 1974 commentary to the above amendments (McLaughlin, 1975-1976 Supplementary Practice *15 Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C 208:5, pp 26-27) states that:
"The amendments became effective on September 1, 1974, and raise the question whether a plaintiff who is, say nineteen in July, 1974, will be affected by the amendment. If he is, then obviously the toll for infancy will end on September 1, 1974; if he remains entitled to rely upon the original version of CPLR 208, the plaintiff may invoke the disability until he is twenty-one years of age.
"Although an argument could be constructed from CPLR 218(b) that plaintiff is entitled to the longer statute of limitations provided by the former CPLR 208, the writer believes this to be unsound. The legislative history of CPLR 218 and, indeed, its very caption suggest that CPLR 218 was to apply only to causes of action which accrued under the Civil Practice Act. Accordingly, an amendment to the CPLR should not trigger the transitional provision of the CPA-CPLR, and even if the effect of the amendment is to abbreviate the time in which the plaintiff must bring the action, the amendment should be effective on its prescribed date. See, Hoff Research & Development Co. v Phillipine Bank, C.A.N.Y. 1970, 426 F.2d 1023.
"In sum, it is the writer’s opinion that if a fifteen-year old infant has an assault claim which accrued on June 1, 1972, he must now bring that action within one year after his eighteenth birthday, and not within one year after his twenty-first birthday, as was formerly the law.”
While the above commentary indicates that the amendments should apply in appropriate cases to causes of action accruing prior to the effective date of the amendments, it is reasonably clear that the amendments are not "fully retroactive”, that is, the amendments may not be applied so as to result in a finding that the infant’s disability, or the appropriate Statute of Limitations, had expired prior to the effective date of the amendments when the disability or Statute of Limitations had not yet expired under the original version of the statute (cf. Clark v Bilt-Rite Land Corp., 82 Misc 2d 1026 and Dean McLaughlin’s commentary thereon, New York Trial Practice, NYLJ, Nov. 14, 1975, p 2, cols 2-3). For example, in the case at bar, it could not be said that plaintiff was not under the disability of infancy when the accident occurred (July 14, 1974) simply because she was 19 years old at the time of the accident. Under the statute as it existed prior to *16 the amendments, plaintiff was in fact under the disability of infancy.
However, this court is of the opinion that plaintiff’s disability to commence an action ended on September 1, 1974, the effective date of the amendments. It should be noted in this connection that plaintiff has in fact commenced the action in her own behalf notwithstanding that she is not yet 21 years of age.
Accordingly, the motion to dismiss the affirmative defense is in all respects denied.