Edward O. Provenzano, J.
Defendants, pursuant to CPLR 3211, have moved for dismissal of plaintiffs’ complaint the gravamen of which is negligence, on the ground that plaintiffs commenced their actions more than three years after the causes of action accrued. Plaintiffs, pursuant to CPLR 3211 (subd [b]), have cross-moved to dismiss that part of defendants’ answer which interposes an affirmative defense alleging that plaintiffs’ actions are barred by the applicable Statute of Limitations.
Factually, it appears that plaintiffs’ causes of action accrued on September 30, 1972 upon the happening of an automobile accident. Actions were commenced thereon on January 30, 1976. It is undisputed that on the date of the accrual of the said plaintiffs’ actions that plaintiff, Frank Robusto, Sr., was an adult; that plaintiff, Frank Robusto, Jr., was an infant 16 years of age, having been born on October 14, 1955; and that Joseph Robusto, was an infant 18 years of age, having been born on August 31, 1954.
*77 Initially, it may be said that under New York law, actions to recover damages for personal injuries must be commenced within the period prescribed by the applicable Statute of Limitations after the occurrence of the injury. (Golia v Health Ins. Plan of Greater N. Y., 6 AD2d 884, affd 7 NY2d 931.) In the instant case the statutory period prescribed is three years. (CPLR 214.)
Plaintiff father, by the third cause of action of the complaint, seeks recovery for damages to his automobile and for medical expenses incurred by him in behalf of the two infant plaintiffs, and for the loss of services of said infant plaintiffs. For the purpose of determining the applicable Statute of Limitations a parent’s action for medical expenses incurred in behalf of a child and for the parent’s loss of services of such child is considered an action for "personal injury”. (Bailey v Roat, 178 Misc 870; General Construction Law, § 37-a.)
Determination of the motions before this court necessarily hinges on whether the provisions of CPLR 208 (amd by L 1974, ch 924, § 2, eff Sept. 1, 1974), when read in conjunction with the 1974 amendment to CPLR 105 (subd [j]), are to be given retroactive or prospective application; and whether the "disability” of an infant whose cause of action accrued and whose 18th birthday occurred prior to September 1, 1974 terminates on September 1, 1974, the effective date of the amended statute or on the date of the infant’s 18th birthday as contended by the defendants.
The plaintiff children contend that the earliest date at which the toll for infancy should end is September 1, 1974, the effective date of the amendment to CPLR 208
No statutory or decisional authority is cited in support of either the plaintiffs’ or defendants’ contentions and no such authority is known to this court.
As to the plaintiff infants’ causes of actions, CPLR 208 presently provides that if a plaintiff "is under a disability because of infancy”, the three-year statute does not begin to run until the disability ceases. Prior to the amendments to CPLR 208 and 105 (subd [j]), effective September 1, 1974, disability by reason of infancy continued to one’s 21st birthday, after which the three-year Statute of Limitations would begin to run. However, effective September 1, 1974 the age of infancy was reduced to 18 years. (CPLR 105, subd [j].)
In the 1974 Supplementary Practice Commentaries of J. M. *78 McLaughlin in McKinney’s Consolidated Laws of New York (Book 7B, C 208:5, p 26) he discusses the status of a plaintiff who is 19 years of age in July, 1974. He states, "if he is, then obviously the toll for infancy will end on September 1, 1974”. It would appear that since the three-year Statute of Limitations would not begin to run until the toll ends, that Dean McLaughlin is implying that the three-year period will commence on September 1, 1974 rather than on the 21st birthday.
A similar view is expressed in Weinstein-Korn-Miller (NY Civ Prac, par 208.02a).
Allowing three years from September 1, 1974 to commence an action in no way shortens the time for the enforcement of an existing right. To adopt defendants’ view to terminate the toll on an infant’s 18th birthday even if the same occurred prior to September 1, 1974 would mean to extinguish all those causes of action which had accrued to infants who attained 21 years of age before September 1, 1974, and whose causes of action accrued on or before August 31, 1971.
It may be argued that Statutes of Limitation are procedural statutes and therefore may be applied retroactively. Perusal of the pertinent sections of McKinney’s Statutes (McKinney’s Cons Laws of NY, Book 1, ch 5 — Retroactive Operation) appears to indicate otherwise.
Though the Legislature has, when reasonably exercised, the power to shorten a Statute of Limitations — where the Legislature so acts and shortens the time for the enforcement of an existing right, it must nevertheless afford the parties a reasonable time in which to prosecute their claims. (McKinney’s Statutes, § 59.)
Thus, it would appear from the foregoing that as to the cause of action on behalf of Frank Robusto, Jr., born on October 14, 1955, whether the Statute of Limitations was tolled to October 14, 1973 when he attained 18 years of age or on September 1, 1974, the effective date of the subject statute —his action having been commenced on January 30, 1976 was, in either event, well within the three-year statutory period.
As to the cause of action on behalf of Joseph Robusto, born August 31, 1954, this court having concluded that the toll for infancy terminated on September 1, 1974, he had until September 1, 1977 to commence his action. Having commenced his action on January 30, 1976, it was well within the statutory period.
*79 As to the plaintiff adult’s cause of action, irrespective of the applicability of CPLR 208 to the causes of actions of the two plaintiff children herein, CPLR 208 does not toll the Statute of Limitations for the plaintiff father’s derivative claims. (Sadler v Horvath, 44 AD2d 905; Rivera v Berkeley Super Wash, 44 AD2d 316, affd sub nom. Victorson v Bock Laundry, 37 NY2d 395; Kratz v Dussault, 33 AD2d 826; Francies v County of Westchester, 3 AD2d 850.)
Accordingly, defendants’ motion to dismiss the complaint is granted as to the cause of action of Frank Robusto, Sr., and denied in all other respects, without costs.
Plaintiffs’ cross motion to dismiss the affirmative defense of Statute of Limitations as to the causes of action on behalf of the infant plaintiffs is granted and denied in all other respects, without costs.