In the Matter of DONNA SELF et al., Appellants, v COUNTY OF NASSAU, Respondent.—In a proceeding pursuant to section 50-e of the General Municipal Law for leave to serve a late notice of claim *nunc pro tunc,* petitioners appeal from an order of the Supreme Court, Nassau County, dated July 12, 1976, which denied their application. Order affirmed, with $50 costs and disbursements. The application was properly denied. The accident giving rise to the alleged claim against the County of Nassau occurred in May, 1972. No notice of claim was ever served by petitioners and no suit against the county was commenced by them. The instant application for leave to serve a late notice of claim was not made until June, 1976. It was obviously motivated by an April, 1976 jury verdict against the county in another action arising out of the same multi-car accident. Petitioners have not established any viable claim of estoppel against the county. Even assuming that the police accident report was misleading in failing to indicate that the investigating officer had arrived at the scene seconds before the collision and the position of his vehicle at the time (the officer has consistently claimed that he stopped his vehicle at the curb upon his arrival), petitioners' counsel has failed to demonstrate reasonable diligence in his investigation. We agree that certainly by October, 1974, when a motion was made in Nassau County to consolidate all of the actions then pending in this matter, counsel knew or should have known of the possible "involvement" of the county. His failure to seek leave to file a late claim at that point constitutes laches. Moreover, it appears that the instant applica-

964

tion is absolutely time-barred since the time limited for the commencement of an action has long since expired (see General Municipal Law, § 50-e, subd 5; § 50-i). Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.