■ GEORGIA McGILL, Appellant, v BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 3, TOWN OF HEMPSTEAD, et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Nassau County, dated October 28, 1976, which denied her motion (1) to dismiss the affirmative defense of lack of jurisdiction predicated upon her failure to serve a notice of claim in accordance with the provisions of section 50-e of the General Municipal Law or (2) for leave to serve a late notice of claim. Order affirmed, with $50 costs and disbursements. Plaintiff was injured on March 27, 1968 when she was 12 and one-half years of age. She claims that she was required to perform a physical dexterity test by springing over a "buck" in the school gymnasium. In meeting this challenge she fell to the ground, sustaining a fracture of her left humerus, which was later subjected to surgery, leaving her with an ugly scar and restricted use. The plaintiff was born on July 31, 1955, but by virtue of the 1974 amendment to CPLR 208 and the addition that year of new CPLR 105 (subd [j]), she reached her majority on September 1, 1974, at which time she was more than 18 years of age. Section 50-i of the General Municipal Law requires that an action be commenced within one year and 90 days from the happening of the event or, as in this case, the date of the accident. However, since by virtue of the 1974 amendments to the CPLR

noted above the plaintiff did not reach her majority until September 1, 1974, she in effect had until September 1, 1975, plus an additional 90 days, within which to commence her action. She fulfilled this requirement by serving a summons and complaint in November, 1975. However, the basic and underlying difficulty in her action was her failure to timely serve and file a notice of claim as required by section 50-e of the General Municipal Law. Even if we were to assume that the present statute is retrospective in its application, an extension of time to serve a late notice of claim may not exceed the time limited for the commencement of the action. In this case the plaintiff did not seek relief to serve and file a late notice of claim until August, 1976, which date is well beyond the one year and 90 days from September 1, 1974, the date on which she reached her majority. Were we to apply section 50-e of the General Municipal Law, either as it existed at the time of her accident or on the day she reached her majority, our decision would be the same. No justification or suitable reason has been given for the delay herein (see *Matter of Self v County of Nassau,* 57 AD2d 963). Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.