■ DARLENE BRUNOTTE, Appellant, v JAMES HANS, Also Known as JAMES HANCE, Respondent.—Order unanimously affirmed, without costs. Memorandum: This negligence action commenced on October 4, 1977 by plaintiff for alleged injuries received in an automobile accident which occurred on April 30, 1971 is barred by Statute of Limitations. When the action accrued, plaintiff, born on October 4, 1953, was 17 years old and the running of the applicable three-year limitations statute was suspended until she attained the age of 21 years. However, this disability due to infancy terminated on September 1, 1974, the effective date of the amendment to CPLR 208 and the addition of CPLR 105 (subd [j]) (L 1974, ch 924, § 1), which lowered the age of majority from 21 years to 18 years. A person then between the ages of 18 and 21 attained the age of majority on September 1, 1974. Thus the tolling of the Statute of Limitations because of infancy terminated on that date and plaintiff had until September 1, 1977, a full three years thereafter, to bring her action (see, generally, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, Supp,

CPLR C208:5, pp 52, 53; *McGill v Board of Educ.,* 59 AD2d 888, app dsmd 43 NY2d 893; *Archibald v City of Niagara Falls,* 89 Misc 2d 268; *Robusto v Johnson,* 87 Misc 2d 76; *Atwell v Rye Playland Comm.,* 86 Misc 2d 13, affd on other grounds 58 AD2d 636; cf. *Rubinstein v French Hosp.,* 51 AD2d 563). In lowering the age of majority, the Legislature did not amend any Statute of Limitations, although the time within which plaintiff could sue was retroactively reduced from October 1, 1977 to September 1, 1977—a net loss of 34 days. A procedural or remedial right was amended, not a substantive one. Statutory amendments of this character are exceptions to the general rule that legislative enactments are not to be given retroactive operation (see NY Law Revision Commission, Report and Recommendations, 1974, Recommendation of the Law Revision Commission to the Legislature Relating to Reduction of the Age of Majority from Twenty-one to Eighteen Years of Age, pp 3, 4; *Shielcrawt v Moffett,* 294 NY 180; 56 NY Jur, Statutes, § 269). This decision is in accord with the holdings of sister State courts which have addressed the same issue (e.g., *Arnold v Davis,* 503 SW2d 100 [Tenn]; *Feest v Allis-Chalmers Corp.,* 68 Wis 2d 760; *Foster v Woods,* 71 Mich App 147; *Fisk v Shunick,* 37 Ill App 3d 81; *Anderson v Lutheran Deaconess Hosp.,* 257 NW2d 561 [Minn]; *Ledwell v May Co.,* 54 Ohio Misc 43). (Appeal from order of Oswego Supreme Court—dismiss complaint.) Present—Cardamone, J. P., Simons, Dillon, Schnepp and Witmer, JJ.