OPINION OF THE COURT
Jeremiah J. Moriarty, J.
This is a motion by claimant for permission to file a claim. The facts as they appear from claimant’s sworn affidavit, and her verified proposed notice of claim, are not disputed by the State; they are accepted as true for the purposes of the disposition of this motion.
On October 22, 1972, claimant was crossing Ridge Road West in the City of Rochester, County of Monroe, at approximately 7:40 p.m. While in the center of said road, she was struck by an automobile operated by one Benedict J. Meisenzahl, who was operating said vehicle in a westerly direction on Ridge Road West. Claimant sustained severe injuries as a result of the accident. She alleges, based upon information supplied to her by her current attorneys and a study conducted by a consulting engineer who specializes in safety engineering, that the proximate cause of the accident was the negligence of the State in failing to provide proper signs and warnings, and by the dangerous condition of the highway in the area. Claimant now seeks permission to file a claim for damages for negligence against the State of New York.
Claimant was born on January 12, 1957. At the time of the accident in 1972, she was 15 years old. Shortly after the accident claimant sought legal advice, and was informed by the attorneys who then represented her that she would remain an infant until she was 21 years of age. Such was the state of the law at that time. Infancy, pursuant to CPLR 208 prior to its amendment in 1974, was defined as a person "under the age of twenty-one years.” Infancy being a disability, claimant had until two years following the removal of said disability to bring an action against the State of New York (Court of Claims Act, § 10, subd 5). Pursuant to the aforesaid statutes which were in effect at that time, and pursuant to the legal advice given claimant which was correct at that time, claimant was left with the understanding that she had until January 12, 1980, or 2 years after her 21st birthday, to file her claim.
On September 1, 1974, the CPLR was amended with regard *338 to the definition of infancy, and the effect of infancy upon the tolling of Statutes of Limitation. A new subdivision "j” was added to CPLR 105 to define infant as "a person who has not attained the age of eighteen years.” Simultaneously, CPLR 208 was amended to incorporate the newly added definition of infancy, and thus remove the disability to maintain an action at the age of 18, rather than at 21 as was previously the case.
To date, claimant has not filed a claim against the State. Despite the fact that when claimant reached her 18th birthday on January 12, 1975, the amended statutes had been in effect for more than four months, she argues that because her claim accrued when the disability for infancy lasted until her 21st birthday, her rights thereunder were vested, and the amendment should not now be deemed to shorten the time in which she may interpose a claim against the State. The State argues that the amended statutes are applicable to determine her time to file a claim. That time, it is argued, ran on January 12, 1977, or 2 years after her 18th birthday. The court finds itself in agreement with the State’s position.
It should be noted, at the outset, that this is not a motion for permission to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act; the motion, therefore, is not addressed to the discretion of this court. Rather, claimant seeks a declaration that CPLR 208, as it read prior to its amendment in 1974, governs her right to file a claim against the State, and that her action against the State is not now time barred.[1] We are thus presented with a question of statutory construction as to whether claimant may file a claim as a matter of right, not, as asserted by the Assistant Attorney-General, a question of the court’s jurisdiction to exercise discretion.[2]
*339 The court has been cited no case which supports claimant’s counsel’s arguments. The cases of Atwell v Playland Rye Comm., County of Westchester (86 Misc 2d 13, affd 58 AD2d 636) and Robusto v Johnson (87 Misc 2d 76) relied on by claimant, present factual situations distinguishable from the case at bar. In the Atwell case, claimant was 19 years of age when she was injured on July 14, 1974. Pursuant to the statutes applicable to suits against the Westchester County Playland Commission (L 1941, ch 777, § 2 [Westchester County Playland Commission Act, § 10]; L 1948, ch 852 [Westchester County Administrative Code, § 501]), plaintiff was required to commence her action within nine months from the date of the accident. She so commenced her action on June 11, 1975, more than nine months after its accrual. Between the time that plaintiff was injured and the time she commenced her action, the afore-mentioned amendments to the CPLR took effect on September 1, 1974, and changed the definition of infancy, and the limits of the consequent disability, from 21 to 18 years of age. Plaintiff contended that since she was under 21 at the time of the accident, and since her cause of action accrued prior to the effective date of the above amendments, she was under a disability and her action was not untimely. The defendant contended that plaintiff’s disability ended on September 1, 1974, and since her action was not commenced until more than nine months after that date, it was time barred. The court determined that plaintiff’s disability to commence the action ended on September 1, 1974, the effective date of the amendments, and denied plaintiff’s motion to dismiss the defendant’s affirmative defense which was grounded on the Statute of Limitations.
Although in Robusto a different result was reached in that the court permitted the actions of the infant plaintiffs to withstand a motion to dismiss based on the Statute of Limitations, the court’s interpretation of the CPLR amendments here under discussion was in accord with that in Atwell. In Robusto, the causes of action accrued on September 30, 1972 and actions were commenced on January 30, 1976. At the time that the causes of action accrued, two of the plaintiffs were infants of 16 years and 18 years, respectively. The plaintiffs contended that the earliest date at which their disability would cease was September 1, 1974, or the effective date of the amendments. The defendant sought to have the statute applied retroactively to bar the claim of the oldest *340 infant. The court refused to do so, and held that despite the fact that the action was commenced after the effective date of the CPLR, and more than three years after the oldest child had reached 18 years of age, since that child had attained that age prior to the effective date of the amendment to CPLR 208, the statutes should start running on the latter date, rather than on the date he turned 18.
Reading the Atwell and Robusto cases together, the following rule is gleaned for the application of CPLR 208; for those infants in favor of whom causes of action accrued prior to September 1, 1974 and who were between the ages of 18 and 21 when their cause of action accrued, their disability terminated either on their 21st birthday or September 1, 1974, whichever was sooner. (Accord Archibald v City of Niagara Falls, 89 Misc 2d 268.)
The foregoing rule does not support claimant’s position. On September 1, 1974, she was shy of her 18th birthday by over four months. Yet, she would have this court interpret the amendments so as to be inapplicable to her, and to permit her to file her claim until two years after her 21st birthday. The only authority cited by claimant’s counsel for the proposition that the amendments to CPLR 208 should not be applied herein (other than the cases already discussed) is CPLR 218 (subd [b]) which provides: "Where a cause of action accrued before, and is not barred when this article becomes effective, the time within which an action must be commenced shall be the time which would have been applicable apart from the provisions of this article, or the time which would have been applicable if the provisions of this article had been in effect when the cause of action accrued, whichever is longer.”
That section, of course, is the transition section which permits the survival of claims which accrued under the old Civil Practice Act, but which might have been otherwise barred by the passage of the CPLR. Commenting upon the argument now asserted by claimant, Dean McLaughlin stated as follows:
"Although an argument could be constructed from CPLR 218(b) that plaintiff is entitled to the longer statute of limitations provided by the former CPLR 208, the writer believes this to be unsound. The legislative history of CPLR 218 and, indeed, its very caption suggest that CPLR 218 was to apply only to causes of action which accrued under the Civil Practice Act. Accordingly, an amendment to the CPLR should not *341 trigger the transitional provision of the CPA-CPLR, and even if the effect of the amendment is to abbreviate the time in which the plaintiff must bring the action, the amendment should be effective on its prescribed date. See Hoff Research & Development Co. v. Philippine Bank, C.A.N.Y., 1970, 426 F.2d 1023.
"In sum, it is the writer’s opinion that if a fifteen-year-old infant has an assault claim which accrued on June 1, 1972, he must now bring that action within one year after his eighteenth birthday, and not within one year after his twenty-first birthday, as was formerly the law.” (McLaughlin, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, CPLR, Book 7B, C208:5 [1974], supp p 53.)
Accordingly, the interpretation of the applicability of the amendments, offered by Dean McLaughlin, and with which this court finds good reason to agree, results in the termination of claimant’s disability on her 18th birthday, and the running of her time to file her claim two years thereafter.
The decision in Kelly v State of New York (57 AD2d 320) provides additional support for the conclusions reached herein. There, claimant, while imprisoned in the Attica Correctional Facility, was injured in the inmate uprising in September, 1971. Until September 10, 1973, claimant’s status as a prisoner was a legal disability, and his right to maintain an action was suspended. Effective on that date, section 79 of the Civil Rights Law was amended (L 1973, ch 687, § 1) to remove the aforesaid disability. Claimant was released from confinement on March 22, 1974, and filed his claim for damages suffered in the Attica uprising on March 12, 1976. The State moved to dismiss on the grounds, inter alia, that the claim was untimely. On the appeal, claimant argued that he remained legally disabled until his release from confinement, despite the prior repeal of the disability by the Legislature. He urged that section 93 of the General Construction Law "forbids application of a repealing statute in such a way as to 'affect or impair’ a 'right accruing, accrued or acquired * * * prior to the time such repeal takes effect.’ ” (Kelly v State of New York, 57 AD2d, p 323, supra.) Holding that the amendments to the Civil Rights Law there under consideration served to expand, rather than repeal or take away rights to maintain actions, and further that resort to the General Construction Law for statutory interpretation is inappropriate where the intent of the Legislature is clearly expressed in the *342 language of the law, the court rejected claimant’s arguments and determined that his disability terminated on the effective date of the statute, rather than the date of his subsequent release. Similarly, here claimant’s disability must be deemed to terminate, in accordance with the amended statute, on her 18th birthday, rather than, pursuant to the former statutory disability for infancy, on her 21st birthday.
In accordance with the conclusions reached herein, claimant was obliged to file her claim against the State of New York within two years of her 18th birthday, or by January 12, 1977. Claimant failed to so file her claim and she is now time barred. While this result appears harsh, particularly in the instant case where claimant was under a misapprehension emanating from valid advice given to her years before, Statutes of Limitation cannot be ignored. The very purpose of the toll provisions under discussion herein is to infuse fairness and equity into rules of law which often work harsh results. Such a result must be reached, there being no authority upon which it can be determined that the instant cause of action has been preserved to this late date.
Accordingly, claimant’s motion must be and hereby is denied in all respects.

. Essentially, claimant is asking this court for an advisory opinion. If her argument is correct, she may file a claim as of right pursuant to subdivision 5 of section 10 of the Court of Claims Act, and she need not obtain the permission of this court. To more properly present the question now before the court, claimant should have filed her claim, and raised her argument upon the State’s inevitable motion to dismiss on the jurisdictional grounds of untimeliness. Because neither party raised these issues on the return of this motion, and because the questions presented herein have been fully argued by both sides, we will proceed to dispose of them in this decision.

. It goes without saying that if claimant’s time to file began to run on January 12, 1975, her 18th birthday, as the State asserts, a motion pursuant to subdivision 6 of section 10 of the Court of Claims Act for discretionary permission to file a late claim, which must be presented within three years of the accrual of the claim (or, a fortiori, after the removal of a legal disability), would be similarly barred.