WAYNE LAMPIASI, an Infant, by ALICE LAMPIASI, His Mother, Respondent, v ST. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK, Appellant.

First Department, November 29, 1979

APPEARANCES OF COUNSEL

*Mary Ann D'Amato* of counsel *(Mendes & Mount,* attorneys), for appellant.

*Nathaniel M. Swergold* for respondent.

## OPINION OF THE COURT

BIRNS, J. P.

In this action for malpractice, where appellant seeks to dismiss the complaint as barred by the Statute of Limitations, we are to consider the effect of recent legislative amendments to the Civil Practice Law and Rules which establish the attainment of the age of 18 as the point in time at which infancy ends.

The circumstances which confront us are tragic. Plaintiff-respondent, Wayne Lampiasi, was born prematurely on August 31, 1954. Shortly after his birth, he was treated at St. Vincent's Hospital and, allegedly as the result of that treatment, became blind.

Mr. Lampiasi became 18 years of age on August 31, 1972 and 21 on August 31, 1975. The medical malpractice action was commenced January 19, 1978, two and a half years after he reached the age of 21.

St. Vincent's answered the complaint and asserted as an affirmative defense the Statute of Limitations. Shortly thereafter, St. Vincent's moved, pursuant to CPLR 3211 (subd [a], par 5) for an order dismissing the complaint on the ground that plaintiff had failed to commence his action within three years[1] from the termination of the toll accorded him because of infancy (CPLR 208, as amd).

St. Vincent's maintained that the amendments to CPLR 208 and CPLR 105 (subd [j]) effective September 1, 1974 which reduced the age of majority from 21 to 18 years terminated the toll for plaintiff's infancy on September 1, 1974; that as a result, the Statute of Limitations began to run against plaintiff's claim on September 1, 1974; that plaintiff had until

---

1. The applicable period for commencing this action for medical malpractice was three years (CPLR 214). Pursuant to CPLR 214-a, effective July 1, 1975, the period of limitation for such an action was reduced to two and a half years. Section 6 of chapter 109 of the Laws of 1975, which enacted CPLR 214-a provided in section 37 that said section (CPLR 214-a) shall "be applicable to any act, omission or failure occurring on or after that date." As the "act, omission or failure" in the case before us occurred prior to July 1, 1975, CPLR 214-a is inapplicable here.

September 1, 1977 to commence the action; and therefore the action, commenced January 19, 1978, was untimely.

Plaintiff contended that the amendments did not apply to his cause of action; that the toll for his infancy did not terminate until his 21st birthday, August 31, 1975; that the Statute of Limitations did not begin to run against his claim until August 31, 1975; that he had until August 31, 1978 to commence the action; and therefore the action, commenced January 19, 1978, was timely.

Special Term, ruling in plaintiff's favor, agreed that these amendments to the CPLR did not apply to plaintiff's cause of action, that the Statute of Limitations did not begin to run until his 21st birthday and that therefore the action, commenced within three years of his 21st birthday, was timely.

Prior to September 1, 1974, CPLR 208,[2] so far as pertinent, provided that if a person entitled to commence an action was under 21 years of age when the cause of action accrued and the time otherwise limited for commencing the action was three years, the time within which the action had to be brought was three years after the disability of infancy ceased, that is, within three years after the claimant reached 21 years of age.

CPLR 208 was amended[3] effective September 1, 1974 to provide, so far as pertinent, that if a person entitled to commence an action is an infant when the cause of action accrues, and the time otherwise limited for commencing the action is three years, the time within which the action must be commenced is three years after the disability of infancy ceases.

CPLR 105 was amended also effective September 1, 1974, by the addition of new subdivision (j), so as to change the common-law definition of an infant from a person under the age of 21 to the statutory definition of "a person who has not attained the age of eighteen years." (CPLR 105, subd [j].)

---

2. "If a person entitled to commence an action is, at the time the cause of action accrues, under the age of twenty-one years * * * and the time otherwise limited for commencing the action is three years * * * the time within which the action must be commenced shall be extended to three years after the disability ceases" (CPLR 208, as enacted by L 1962, ch 308).

3. "If a person entitled to commence an action is under a disability because of infancy * * * at the time the cause of action accrues * * * the time within which the action must be commenced shall be extended to three years after the disability ceases". (CPLR 208.)

The application of these amendments to causes of action which accrued prior to the effective date of the amendments poses questions for three age groups: (a) those who had not reached 18 years of age before that date, (b) those who had reached 18 but not 21 on that date, (c) those who had reached 21 before that date.

In regard to those who had not reached 18 years of age before the effective date of the amendments, the toll for infancy terminates at age 18. Dean Joseph McLaughlin observed in his 1974 Practice Commentary on CPLR 208, in which he illustrated the effect of these amendments on an assault claim of an infant: "In sum, it is the writer's opinion that if a fifteen-year old infant has an assault claim which accrued on June 1, 1972, he must now bring that action within one year after his eighteenth birthday, and not within one year after his twenty-first birthday, as was formerly the law." (McLaughlin, 1974 Practice Commentary to CPLR 208, McKinney's Cons Laws of NY, Book 7B, 1979-1980 Pocket Part, C208:5, p 62.)

As to the group who had reached 18 but not 21 years of age on the effective date of the amendments (into which category plaintiff falls), Dean McLaughlin stated: "The amendments become effective on September 1, 1974, and raise a question whether a plaintiff who is, say, nineteen in July, 1974, will be affected by the amendment. If he is, then obviously the toll for infancy will end on September 1, 1974; if he remains entitled to rely upon the original version of CPLR 208, the plaintiff may invoke the disability until he is twenty-one years of age." (See McLaughlin, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 208, C208:5, p 63.)

This court, until now, has not ruled on the question presented herein, that is, the applicability of the amendments to the group who had reached 18 but not 21 years of age on the effective date of the amendments. However, decisions of several lower courts and the Appellate Division of the Second Department, which considered the applicability of the amendments, support the position that for this group the toll accorded to the disability for infancy terminated on September 1, 1974. (See *McGill v Board of Educ.*, 59 AD2d 888, app dsmd 43 NY2d 893; *Atwell v Playland Rye Comm.*, 86 Misc 2d 13, affd 58 AD2d 636; *Archibald v City of Niagara Falls*, 89 Misc 2d 268; *Liebowitz v B. Berglass, Inc.*, 98 Misc 2d 932; *Matter of*

*Robinson [Robson] v State of New York,* 99 Misc 2d 336, 339-340.)

We, too, hold that as to the 18 but not yet 21 age group, the disability of infancy terminated September 1, 1974, the effective date of the amendments. In reaching this conclusion we are guided by the intent of the Legislature that these amendments, insofar as the change in the age of adulthood, shall be retroactive (McKinney's Cons Laws of NY, Book 1, Statutes, § 51, subd d; § 92, subd a; *People ex rel. Central Trust Co. v Prendergast,* 202 NY 188, 196). The New York Law Revision Commission, in a memorandum embracing a number of bills addressed to the "Age of Majority",[4] introduced in the 1974 session of the Legislature, reported: "All proposed amendments affecting substantive matters provide expressly that they should not be applied retroactively, No such provision, however, is contained in amendments that affect only procedural rights. This is in accord with the usual rule of statutory construction that procedural amendments apply retroactively while substantive amendments should be given only prospective application." (NY Legis Ann, 1974, pp 1-3.)

It is apparent that the amendments to CPLR 208 and CPLR 105 (subd [j]), which contain no language barring retroactivity, were regarded by the drafters as procedural, and thus, in redefining the age of majority, were intended to apply retroactively (see *Kaplan v Kaplan,* 31 AD2d 247, 249-250). Had the Legislature not intended this consequence, the amendments would have contained appropriate language to that effect.

Respondent challenges this interpretation as an unwarranted restrictive application of the law. It is sufficient to say that plaintiff's rights were in no way impaired. The amendments as of their effective date merely terminated plaintiff's legal disability because of infancy and advanced the day when he had to assert his claim (see *Kelly v State of New York,* 57 AD2d 320, 324). The amendments did not shorten the Statute of Limitations. Plaintiff still had three years after September 1, 1974 to commence the action. Because he did not institute suit until January 19, 1978, the action was time barred. Special Term should have granted the motion to dismiss the complaint.

Although on this appeal we are not concerned with the last

---

4. Fifty-three bills on this subject were introduced at that session of the Legislature. Fifty-two of those, including the amendments to CPLR 208 and 105 (subd [j]) were enacted.

group, that is, those persons who had reached 21 years of age before the effective date of the amendments, we note, nevertheless, that as to said group the amendments are not applicable, because as to those persons the toll for infancy had already expired *(Rubinstein v French Hosp.,* 51 AD2d 563; *Clark v Bilt-Rite Land Corp.,* 82 Misc 2d 1026).

Accordingly, the order of the Supreme Court, New York County (ALBERT WILLIAMS, J.), entered in the office of the clerk on November 22, 1978, denying defendant's motion to dismiss the complaint on the ground that the action was barred by the Statute of Limitations, should be reversed, on the law, without costs or disbursements, and the complaint dismissed.

FEIN, BLOOM, SILVERMAN and ROSS, JJ., concur.

Order, Supreme Court, New York County, entered on November 22, 1978, reversed, on the law, without costs, and without disbursements, and the complaint dismissed.