■ DIANE VERRA, Respondent, v METIN KOLUKSUZ, Appellant, et al., Defendant.—Appeal from an order of the Supreme Court at Special Term, entered January 4, 1979 in Schenectady County, which denied a motion to dismiss the complaint in an action to recover damages for personal injuries. This action for malpractice and breach of an express and implied warranty was commenced on February 13, 1978. The alleged injuries arose from an appendectomy performed by appellant doctor on November 5, 1971. On that date respondent was 17 years old, having been born on April 6, 1954. Her last medical treatment by appellant occurred on April 5, 1972. Since respondent was an infant at the time her causes of action accrued, the Statute of Limitations was tolled pursuant to CPLR 208 in the negligence cause of action until three years after the disability of infancy ended. Thereafter, by chapter 924 of the Laws of 1974, CPLR 208 was amended and CPLR 105 (subd [j]) was added. CPLR 105 (subd [j]) defines an infant as a person under the age of 18, and CPLR 208 was amended to provide that the toll of the Statute of Limitations would apply to a person "under a disability because of infancy", rather than to a person under the age of 21. The changes became effective on September 1, 1974. Special Term, in denying the motion to dismiss the complaint as untimely commenced, concluded that a vested right had been created by the prior tolling provision and, therefore, the statutes could not be applied retroactively. Consequently, the toll would continue until respondent reached the age of 21. Special Term held that the negligence action was timely commenced and this appeal ensued. We reach a contrary conclusion. The precise issue for our determination is the applicability of the amendments to one who had reached the age of 18 but not 21 on the effective date of the amendments. While this court has not previously considered the question, the other three Departments of the Appellate Division have unanimously concluded that the disability of infancy terminates on September 1, 1974 for those persons between the ages of 18 and 21 on that date *(Lampiasi v St. Vincent's Hosp. & Med. Center of N. Y.,* 71 AD2d 203; *Brunotte v Hans,* 67 AD2d 829; *McGill v Board of Educ.,* 59 AD2d 888). We arrive at the same result. Statutes of Limitations are procedural in nature and are generally given retroactive effect (McKinney's Cons Laws of NY, Book 1, Statutes, § 55). Furthermore, the statutes in question contain no language barring retroactive application. Therefore, as to the negligence cause of action, Special Term improperly denied the motion to dismiss and there must be a reversal. We now pass to the second cause of action based on breach of warranty where the Statute of Limitations is six years. Special Term concluded a cause of action was properly stated but again we arrive at a contrary conclusion and reverse. In this cause of action respondent alleges, *inter alia,* that the appellant represented expressly and impliedly that the medical care and treatment rendered would be of a careful, skillful, expert and prudent nature. Such allegations are insufficient since they do not allege failure to perform a special agreement to cure *(Robins v Finestone,* 308 NY 543; *Sala v Tomlinson,* 73 AD2d 724). While a cause of action for a breach of warranty is alleged, New York does not recognize such a cause of action arising out of

the performance of services *(Sala v Tomlinson, supra).* Consequently, the second cause of action must be dismissed without prejudice to serve an amended complaint, if appropriate, to allege a special contract. Order reversed, on the law, without costs; motion granted and complaint dismissed, without prejudice to serve an amended complaint, if appropriate, to allege a special contract. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.