■ LUIS E. GARCIA, Appellant, v AIDA N. MONMANY, nee GARCIA, Respondent. — In a proceeding pursuant to section 240 of the Domestic Relations Law to grant petitioner sole custody of the parties' infant daughter, petitioner appeals from an order of the Supreme Court, Nassau County (Smith, J.), entered March 20, 1981, which denied his application without a hearing. Appeal held in abeyance and matter remitted to Special Term to hear and report on the issues raised. The hearing should proceed with all convenient speed since the custody of a child is involved. Absent a hearing, there are insufficient facts in the record, which consists solely of controverted affidavits, to enable us to make an informed determination. A full and comprehensive hearing should be held to determine the best interests of the child (see *Avella v Avella,* 74 AD2d 592; *Wood v Wood,* 73 AD2d 963). Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.

■ SCOTT F. GLASSER, Appellant, v JEWISH HOSPITAL AND MEDICAL CENTER, Respondent. — In a medical malpractice action, plaintiff appeals from two orders of the Supreme Court, Kings County (Adler, J.), dated December 4, 1979 and March 5, 1980, respectively, the first of which granted defendant's motion for leave to amend its answer to assert the defense of the Statute of Limitations, and the second of which granted the defendant's motion to dismiss the complaint based on that defense. Orders affirmed, without costs or disbursements, on condition that defendant's attorney personally pay plaintiff $500 costs within 20 days after service upon defendant of a copy of the order to be made hereon, together with notice of entry. In the event payment is not made, then orders reversed, and motions denied, with one bill of $50 costs and disbursements. CPLR 3025 provides that leave to amend pleadings should be freely granted on such terms as may be just. Trial Term properly granted defendant's motion for leave to amend its answer since the granting of leave to amend would not be prejudicial to plaintiff. However, the delay in so moving resulted in the expending of time and money in preparing for trial, which could have been prevented by a timely motion to amend the answer. This is curable by the imposition of costs *(Ciunci v Wella Corp.,* 23 AD2d 754). Furthermore, plaintiff's complaint was properly dismissed as being barred under the Statute of Limitations (see *Lampiasi v St. Vincent's Hosp. & Med. Center of N. Y.,* 71 AD2d 203; CPLR 208, 105, subd [j]). Mangano, J. P., Rabin, Margett and Weinstein, JJ., concur.

■ HAMPSHIRE COUNTRY CLUB, INC., Appellant, v FAIRWAYS CONDOMINIUMS et al., Respondents. — Order of the Supreme Court, Westchester County, dated February 27, 1981, affirmed, with one bill of $50 costs and disbursements payable jointly to respondents, for reasons stated in the opinion of Mr. Justice Beisheim at Special Term. Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.

■ KBY REALTY CORP., Respondent, v PAUL NAPOLITANO et al., Appellants. — Appeal from an order of the Supreme Court, Nassau County (Smith, J.), dated January 16, 1981, dismissed. That order is brought up for review upon appeal from the final judgment (see *Matter of Aho,* 39 NY2d 241, 248). Judgment of the same court, entered February 2, 1981, affirmed. No opinion. Plaintiff is awarded one bill of $50 costs and disbursements. Damiani, J. P., Gulotta, O'Connor and Thompson, JJ., concur.