MADDOX, Justice.
The issue in this case involves the application of Alabama’s statute that tolls the running of the limitations period for filing an action when the injured person is a minor. In applying that statute, the specific question is which of the following statutes controls:
(1) The statute establishing the age of majority that was in effect at the time of the injury, setting the age at 21,[1] or
(2) a later statute that lowered the age of majority to 19.[2]
The trial court held that the later statute applied and that the plaintiff’s claims were time-barred, and it entered a summary judgment for the defendant.
Kevin Garner sued Guy Hunt, alleging that Hunt, in 1973, acting in the position he then held as judge of probate of Cullman County, failed, omitted, or refused, when issuing letters of guardianship to Kevin’s father, Edward Garner, to take from the guardian a sufficient bond or surety to adequately protect Kevin, a minor child. The verified petition for letters of guardianship listed the value of Kevin’s estate as $200.00. In accordance with Ala.Code 1975, § 26-3-1, Hunt required Edward Garner to post a guardian’s bond for twice that amount. However, Kevin contends that the bond should have been set at $49,-900.00, twice the amount that he alleges would have been in his estate had his father not “absconded with all the money.” [3]
In response to Kevin’s complaint, Hunt filed a motion for summary judgment on the grounds that Kevin’s claim is barred by the applicable statute of limitations, Ala. Code 1975, § 6-2-8.
The following is a chronology of events necessary for a clear understanding of this case:
*899 February 27, 1967 Kevin was born.
May 1973 Kevin was injured, at the age of six.
October 1973 Hunt issued letters of guardianship to Edward Garner.
July 22, 1975 Legislature reduced age of majority from 21 to 19. Ala.Code 1975, § 26-1-1.
February 27, 1986 Kevin turned 19.
February 27, 1988 Kevin turned 21; if the 2-year period of limitations began to run when Kevin turned 19, then it expired this date.
January 11, 1990 Kevin filed his complaint.
February 27, 1990 If the 2-year period of limitations began to run when Kevin turned 21, then it expired this date.
Obviously the period for commencing an action for negligence was tolled during Kevin’s disability of infancy; however, he had an additional two years after reaching the age of majority to commence his action against then Judge Hunt. Ala.Code 1975, § 6-2-8; see also § 6-2-38. We must determine whether the age of majority that prevailed in 1973 at the time of the accident and the issuance of letters of guardianship, i.e., age 21, should govern this case, or whether the statutory age of majority established by Ala.Code 1975, § 26-1-1, i.e., age 19, should govern. If the applicable age of majority is 19, rather than 21, then Kevin’s claims are time-barred.
According to the law as it was in October 1973, at the time of the guardianship proceeding, Kevin would have had 2 years after reaching the age of 21 within which to file a lawsuit arising out of the probate judge’s alleged negligence. However, as this Court noted in Hutchison v. Till, 212 Ala. 64, 101 So. 676 (1924), “[t]he legislature has the full power to prescribe a different age.” The legislature did, in fact, reduce the age of majority from 21 to 19 on July 22, 1975, by § 26-1-1, which provides in pertinent part as follows:
“(a) Any person in this state, at the arrival at the age of 19 years, shall be relieved of his disabilities of minority and thereafter shall have the same legal rights and abilities as persons over 21 years of age. No law of this state shall discriminate for or against any person between and including the ages of 19 and 21 years solely on the basis of age.”
Kevin’s disability of age was removed as a matter of law upon the adoption of this new statute. We hold that, as a matter of law, Kevin became an adult when he turned 19 on February 27, 1986, after the effective date of the act setting the age of majority at 19.
Pursuant to Ala.Code 1975, § 6-2-8, Kevin enjoyed a two-year grace period after February 27, 1986, within which to file any action for “negligent and/or wanton” conduct arising out of the issuance of his guardian’s bond, i.e., until February 27, 1988. Kevin, however, did not file his complaint until January 11, 1990, well outside of the two-year grace period; thus his claims were time-barred.
Kevin’s claim that changing the age of majority has the same effect as changing the statute of limitations is totally without merit. Kevin’s rights were in no way affected or impaired by the change in the age of majority; the statute merely advanced the day when Kevin had the capacity to assert his claim. It did not shorten the statute of limitations.
The overwhelming weight of authority from other jurisdictions also supports the proposition that minority is a status rather than a vested right, and that a new age of majority applies to a plaintiff even if his cause of action accrued before the statute creating the new age of majority was enacted. See, e.g., Knox v. Eli Lilly & Co., 592 F.2d 317 (6th Cir.1979); Lampiasi v. St. Vincent’s Hospital & Medical Center of N.Y., 71 A.D.2d 203, 422 N.Y.S.2d 81 (1979), aff'd, 51 N.Y.2d 913, 434 N.Y.S.2d 993, 415 N.E.2d 981 (1980); Ash Springs Development Corp. v. O’Donnell, 95 Nev. 846, 603 P.2d 698 (1979); Cook v. Matvejs, 56 Ohio St.2d 234, 383 N.E.2d 601 (1978); DeHart v. Anderson, 178 Ind.App. 581, 383 N.E.2d 431 (1978); Willey v. Brown, 390 A.2d 1039 (Me.1978); Hurdle v. Prinz, 218 Va. 134, 235 S.E.2d 354 (1977); Anderson v. Lutheran Deaconess Hospital, 257 N.W.2d 561 (Minn.1977); Jones v. State, 58 Haw. 101, 564 P.2d 1276 (1977); Feest v. *900 Allis Chalmers Corp., 68 Wis.2d 760, 229 N.W.2d 651 (1975); and Arnold v. Davis, 503 S.W.2d 100 (Tenn.1973).
Because we agree with the trial court that Garner’s claim is time-barred, we do not reach the merits of Garner’s complaint. The summary judgment in favor of Hunt is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.

. Ala.Code 1975, § 6-2-8.

. Ala.Code 1975, § 26-1-1.

. When Kevin was six years old he was seriously injured while pulling his three-year-old brother out from under a lawn mower. Following his injury, a lawsuit was filed on Kevin's behalf, and it was settled for $25,000. According to Cullman County records, Kevin Garner’s father, Edward Garner, as guardian of Kevin’s estate, received the check for $24,900 on October 12, 1973.