ASH SPRINGS DEVELOPMENT CORPORATION, Petitioner, v. THE HONORABLE THOMAS J. O'DONNELL, Judge of the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark; KAREN SUE CRUNK; MAURICE and CAROLYN CRUNK, Parents of KAREN SUE CRUNK, Respondents.

No. 12174

December 12, 1979                    603 P.2d 698

[Rehearing denied February 6, 1980]

*Thorndal, Gentner, Backus, Lyles & Maupin, Ltd.,* Las Vegas, for Petitioner.

*Manzonie & Massi,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Respondents Karen Sue Crunk, Maurice Crunk and Carolyn Crunk commenced actions on September 8, 1977, in respondent court based on personal injuries allegedly suffered by Karen Sue Crunk on May 29, 1972. Petitioner argues that the statute of limitations bars these actions.

Where an action is barred by the statute of limitations no issue of material fact exists and mandamus is a proper remedy to compel entry of summary judgment. Smith v. Gabrielli, 80 Nev. 390, 395 P.2d 325 (1964).

The dispositive issue is whether Karen Sue Crunk's disability due to her minority tolled the running of the statute of limitations until her eighteenth birthday, in which case the district

court should have held the actions barred, or her twenty-first birthday, in which case the action was properly commenced. At the time of the alleged injury, when Karen Sue Crunk was fifteen years of age, NRS 11.250, the disability statute, applied until age 21; subsequently, the statute was amended, effective July 1, 1973 (when Karen Sue Crunk was sixteen years old), lowering the age of majority to eighteen years of age.[1]

Respondents argue that since at the time of the alleged injury the age of majority was twenty-one years of age, a vested right to file the instant action at any time within the period determined as of the date of the accident accrued. While this question is a novel one in Nevada, we have been directed to no case which adopts respondents' position. On the other hand numerous cases from other jurisdictions hold to the contrary. D'Andrea v. Montgomery Ward & Co., Inc., 571 F.2d 403 (7th Cir. 1978); Hurdle v. Prinz, 235 S.E.2d 354 (Va. 1977); Jones v. State, 564 P.2d 1276 (Hawaii 1977); Feest v. Allis Chalmers Corp., 229 N.W.2d 651 (Wis. 1975).

We agree with the reasoning of these courts, and find that Karen Sue Crunk's disability ended for the purpose of commencing suit on her attainment of age eighteen. Thus, on September 9, 1976, the two-year statute of limitations ran and the subsequent bringing of suit was barred.[2]

Because of our disposition, it is unnecessary to reach the other issues raised by the parties.[3] Accordingly, it is ordered that a peremptory writ of mandate issue requiring respondent court to dismiss said actions against petitioner.

---

[1] 1973 Nev. Stats. ch. 753 § 1, at 1577.

[2] NRS 11.190 provides:
"Actions . . . can only be commenced as follows:
". . . .
"4. Within 2 years:
". . . .
"(e) An action to recover damages for injuries to a person . . . ."

[3] The action of Maurice Crunk and Carolyn Crunk, parents of Karen Sue Crunk, is based on medical expenditures made by them for treatment of Karen Sue Crunk's injuries. It is contended that this action is not barred since Karen Sue Crunk's disability tolled the running of the statute of limitations as to all actions arising out of the same occurrence. As this contention rests on the premise that Karen Sue Crunk's action is not barred, our resolution of that issue disposes of the parents' action as well.