JAMES E. BOTTORFF, Petitioner, *v.* THOMAS J. O'DONNELL, DISTRICT JUDGE, EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, Respondent.

No. 12431

July 29, 1980                                              614 P.2d 7

*L. Earl Hawley,* Las Vegas, for Petitioner.

*Donald W. Haley,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In this original proceeding, petitioner seeks a writ of mandate directed to the district court requiring that summary judgment in his favor be granted. *See* Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964); NRAP 3A(b)(5).

From the limited record before us, it appears that petitioner and his ex-wife, while married, purchased a home. As part of the subsequent divorce decree, the ex-wife was awarded the house and agreed to assume all the obligations on it. However, no effort was made to change the title.

Subsequently the house was sold. Due to a failure to detect a mortgage on the house, First American Title Company of Nevada, the escrow agent/title insurance company, issued a check made out to both petitioner and his ex-wife for an amount approximately $15,000 in excess of the correct payment. Upon discovery of the outstanding obligation, the title insurance company paid off the amount due and thereafter brought an action against petitioner and his ex-wife, as co-defendants, to recover the sum.

Petitioner moved the district court for summary judgment. In support of the motion, petitioner filed an affidavit stating in essence that while he was required to sign papers in order to complete the sale, he had received none of the sale proceeds. The motion was also supported by a copy of the divorce decree. In opposition to the motion, the title insurance company submitted the affidavit of one of its officers which stated that the check issued by the insurer was made out to and endorsed by both defendants.

Mandamus is an extraordinary remedy. The normal judicial process is trial and appeal, not final adjudication on pre-trial writs. Generally, a petitioner must show that continuation of the proceedings would be an exercise in futility, and that the litigation, irrespective of what may transpire at trial, is foreordained to its inevitable conclusion. Where such a showing is made, this court will not hesitate to cut off the district court proceedings, the continuation of which would be both expensive and meaningless. But the burden on the petitioner is a

heavy one; where such a petition is granted, the relevant facts are not in dispute and a clear question of law, dispositive of the suit, is presented. *See, e.g.,* Ash Springs Dev. v. O'Donnell, 95 Nev. 846, 603 P.2d 698 (1979) (writ granted where it was determined that action, on agreed facts, was barred by the statute of limitations), Dzack v. Marshall, *supra* (dispositive facts deemed admitted). Such is not the case here.

Writ denied.