VERA POULOS, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK, THE HONORABLE JUDGE JOHN F. MENDOZA and HENRY LOUIS ROBERTS, Respondents.

No. 14348

October 29, 1982                    652 P.2d 1177

---

*Edwards, Hunt, Pearson & Hale,* Las Vegas, for Petitioner.

*Galatz, Earl & Biggar,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This original proceeding in mandamus challenges the district court's order denying petitioner's motion to dismiss, said motion having apparently been considered as a motion for summary judgment. *See* NRCP 12(b). Relying on Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964), petitioner contends that the district court had a mandatory duty to grant summary judgment, and that mandamus is appropriate in this case.

Petitioner is a defendant in a personal injury action below. In that action the plaintiff alleges that he was injured in a traffic accident involving petitioner's son, who was driving petitioner's car. The plaintiff's theory of liability is that petitioner expressly or impliedly gave her son permission to drive the car, and that petitioner was negligent in doing so.

In support of her motion to dismiss and for summary judgment, petitioner filed an affidavit in which she claimed that she neither expressly nor impliedly gave her son permission to drive the car. Plaintiff opposed the motion, but did not support the opposition with any affidavits or other documents as required by NRCP 56. The district court denied petitioner's motion, and this petition followed.[1]

---

[1] The petition for writ of mandamus was not accompanied by a copy of the district court's order, as required by NRAP 21(a), and the petition was not accompanied by the affidavit or verification of the party beneficially interested. *See* NRS 34.170; State of Nevada v. Wright, 10 Nev. 167 (1875).

We held in *Dzack* that mandamus is an appropriate remedy for the review of a district court's denial of summary judgment. Our decision in *Dzack,* however, was never intended to mean that we would review every denial of summary judgment which came before us. Indeed, both the majority and the concurring opinions in *Dzack* referred to the specific and compelling circumstances of that case, where plaintiff's judicial admissions made it clear that her claim was a sham, and where the district court simply had no discretion to rule otherwise.

In the years since *Dzack* we have received an increasing number of petitions arising out of the summary judgment context. We have consistently attempted to reserve our discretion for those cases in which there was no question of fact, and in which a clear question of law, dispositive of the suit, was presented for our review. *See* Bottorff v. O'Donnell, 96 Nev. 606, 614 P.2d 7 (1980). We have also attempted to limit our discretion to those cases which presented serious issues of substantial public policy, or which involved important precedential questions of statewide interest. *E.g.,* Howard v. District Court, 98 Nev. 87, 640 P.2d 1320 (1982) (scope of statutory employer immunity); Lapica v. District Court, 97 Nev. 86, 624 P.2d 1003 (1981) (medical malpractice statute of limitations); Sandler v. District Court, 96 Nev. 622, 614 P.2d 10 (1980) (collection of gambling debts); Ash Springs Dev. v. O'Donnell, 95 Nev. 846, 603 P.2d 698 (1979) (statute of limitations in personal injury action); Manufacturers & Traders Trust v. Dist. Ct., 94 Nev. 551, 583 P.2d 444 (1978) (scope of deficiency judgment statutes).

Mandamus is an extraordinary remedy, and the decision as to whether a petition will be entertained lies within the discretion of this court. Kussman v. District Court, 96 Nev. 544, 612 P.2d 679 (1980). The burden on the petitioner is a heavy one Bottorff v. O'Donnell, *supra.* In the context of petitions which challenge denials of summary judgment, we will continue to exercise our discretion sparingly and to limit the scope of our decision in *Dzack.*

In the present case, as mentioned above, plaintiff did not support his opposition to summary judgment with any affidavits or other documents. Under such circumstances, NRCP 56(e) provides that "summary judgment, if appropriate, shall be entered against him." The district court apparently believed that summary judgment simply was not "appropriate." We perceive no substantial issue of public policy or precedential value in this case, and we perceive no compelling reason why

our intervention by way of extraordinary writ is warranted. Accordingly, we deny the petition without ordering an answer from respondents. NRAP 21(b).

Petition denied.[2]

---

[2]Justice John Mowbray voluntarily disqualified himself from the decision in this case.