An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KASHEEM PETERSON,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DAVID B. BARKER, DISTRICT JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 63907

**FILED**

SEP 0 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER DENYING PETITION AND MOTION FOR STAY*

Petitioner seeks a writ of mandamus or prohibition to preclude the respondent district court from conducting a sentencing proceeding on a charge under NRS 200.400(4)(a) before the trial jury using "rules designed for capital cases." Petitioner has also filed a motion to stay the trial scheduled to commence on September 9, 2013.

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 637 P.2d 534 (1981). Its counterpart, the writ of prohibition, may issue to arrest the proceedings of a district court exercising its judicial functions, when such proceedings are in excess of the jurisdiction of the district court. NRS 34.320. Neither writ will issue, however, if the petitioner has

13-26253

a plain, speedy and adequate remedy in the ordinary course of law. NRS 34.170; NRS 34.330. And ultimately, because mandamus and prohibition are extraordinary remedies, it is within the discretion of this court to determine if a petition will be considered. *See Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); *see also State ex rel. Dep't Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983).

We are not convinced that our intervention is warranted at this time. Petitioner suggests that the Legislature "has not allowed for a hearing with the admission of separate evidence" when the sentence must be determined by a jury under NRS 200.400(4)(a) and therefore there is "no authority to let either side present additional evidence to the jury." We disagree with the broad premise that the parties are not allowed to present evidence relevant to sentencing when the jury is tasked with determining the appropriate sentence. In the absence of specific guidance from the Legislature, it is within the district court's discretion to determine what evidence is relevant and admissible to the jury's sentencing determination. *See generally Atkins v. State*, 112 Nev. 1122, 1127, 923 P.3d 1119, 1123 (1996) ("Trial courts have considerable discretion in determining the relevance and admissibility of evidence."), *overruled on other grounds by McConnell v. State*, 120 Nev. 1043, 102 P.3d 606 (2004).

On the more specific concern that the district court has decided to use rules that apply to capital cases, we acknowledge that the petition and accompanying documents raise some potential concerns. But we conclude that the request for extraordinary relief is premature as it is unclear how the proceedings will be conducted.

First, there is some suggestion in the record that the district court intends to voir dire the jury on sentencing issues similar to capital cases. Although the primary reason that sentencing is addressed during voir dire in capital cases is to death qualify the jury, *see, e.g., McKenna v. State*, 101 Nev. 338, 342-44, 705 P.2d 614, 617-18 (1985) (discussing qualification of jurors in capital case), and there is no need to death qualify a jury faced with making a sentencing determination under NRS 200.400(4)(a), it is conceivable that a juror's views could prevent or substantially impair her duty to impose a sentence in general or to impose either or both of the sentencing options allowed under NRS 200.400(4)(a) and therefore any such views may be an appropriate subject for voir dire in this case, *see generally Lamb v. State*, 127 Nev. ___, ___, 251 P.3d 700, 707 (2011) ("The purpose of jury voir dire is to discover whether a juror will consider and decide the facts impartially and conscientiously apply the law as charged by the court." (internal quotation marks omitted)). Because jury selection has not yet happened and the district court has not made its plans clear, we have no idea whether or how sentencing will be addressed during voir dire.

Second, petitioner suggests that the district court intends to conduct the proceedings consistent with SCR 250 and that this will present several problems, including that counsel is not SCR 250 qualified. It is not clear, however, that the district court has wholesale applied SCR 250. Rather, when defense counsel suggested that the State should have to provide some kind of notice as to the evidence or witnesses that it intends to call relevant to the jury's sentencing determination, the district court determined that both parties should have to provide notice of witnesses relevant to the sentencing determination as a matter of due

process and turned to SCR 250 for guidance on that point, indicating that it "want[ed] notice consistent with the rule." It therefore appears that the district court looked to SCR 250 solely to address the notice issue, but we acknowledge that it is not entirely clear the extent to which the district court will turn to the rules governing capital penalty hearings for guidance on other issues that may arise in this case.

Third, there may be concerns that evidence relevant only to the jury's sentencing decision may unfairly prejudice the defense with respect to the jury's decision as to guilt or innocence. It is not entirely clear whether the district court intends to bifurcate the proceedings to avoid the possibility of unfair prejudice or whether such bifurcation is even required.

None of these potential concerns were addressed in any significant detail by the parties or the district court, nor are they adequately addressed by petitioner before this court. These circumstances simply do not allow for meaningful review by this court.

Further complicating matters, the State has filed a notice of joinder in the petition, expressing its "opinion that should [petitioner] be convicted, it is the judge and not the jury, which is required to make the sentencing determination." Typically, a party joining in a petition agrees with the arguments made in the petition or is at least taking the same position as the petitioner. The State's notice indicates, however, that it wishes to make a new argument that is not presented in the petition and appears to be different from the petitioner's position. That argument also was not presented below and has not been addressed by the district court. We therefore disapprove the State's attempt to "join" in the petition.

Having considered the petition and other papers filed in this

matter, we decline to intervene at this time and therefore

ORDER the petition and the motion for a stay DENIED.

_____, J.
Douglas

_____, J.
Hardesty

_____, J.
Saitta

cc:  Hon. David Barker, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk