An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RAUL GONZALEZ,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DAVID B. BARKER, DISTRICT JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 66262

**FILED**

AUG 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## *ORDER DENYING PETITION*

This original petition for a writ of mandamus or prohibition[1] challenges a district court order denying petitioner's motion to strike the State's notice of intent to seek habitual treatment. Petitioner pleaded guilty to conspiracy to commit robbery and robbery in December 2013. Before sentencing, he was charged with murder and other attendant offenses in January 2014. Thereafter, the State filed a notice of intent to seek habitual criminal treatment. Petitioner filed a motion to strike the notice of intent. The State opposed the motion, indicating in its opposition

---

[1]Because the district court had jurisdiction to consider petitioner's motion to strike the notice of intent to seek habitual criminal treatment, a writ of prohibition is inappropriate. *See* NRS 34.320.

14- 27796

that evidence concerning petitioner's pending murder charge should be allowed at sentencing. The district court denied the motion to strike the notice of intent and advised that the State's evidence of petitioner's pending murder charge must be in the form of live testimony. This original writ petition followed.

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603, 637 P.2d 534, 536 (1981). A writ of mandamus will not issue, however, if petitioner has a plain, speedy and adequate remedy in the ordinary course of law. NRS 34.170. Further, mandamus is an extraordinary remedy, and it is within the discretion of this court to determine if a petition will be considered. *See Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); *see also State ex rel. Dep't Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983). Petitioner argues that extraordinary relief is warranted because adjudicating him as a habitual criminal under NRS 207.010 is unconstitutional and violates a term in his plea agreement providing that the State could not seek a habitual criminal enhancement based on a new charge absent a probable cause determination by an independent magistrate. While petitioner's arguments lack clarity and the relief he requests is incongruent with the claims he raises in the petition, his claims clearly concern sentencing matters that may be challenged on

appeal.  Because he has an adequate remedy at law by way of an appeal, we decline to exercise our discretion to consider the petition on the merits. Accordingly, we deny the petition.  *See* NRAP 21(b).

It is so ORDERED.

_____ , J.
Hardesty

_____ , J.
Douglas

_____ , J.
Cherry

cc:     Hon. David B. Barker, District Judge
Special Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk