An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JAMES M. BIXLER, DISTRICT JUDGE,
Respondents,
    and
GREGORY GRANT,
Real Party in Interest.

No. 66347

**FILED**

OCT 1 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER GRANTING PETITION

This original petition for a writ of mandamus challenges a district court order setting aside a verdict of guilty and entering a verdict of guilty but mentally ill. The State asserts that the district court acted arbitrarily and capriciously in sua sponte setting aside the guilty verdict and entering a verdict of guilty but mentally ill. *See* NRS 34.160; NRS 34.320; *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).[1]

_____

[1]In the alternative, the State seeks a writ of prohibition. A writ of prohibition "arrests the proceedings of any tribunal, corporation, board or person exercising jurisdictional functions, when such proceedings are

*continued on next page...*

14-34283

Because a petition for an extraordinary writ is addressed to this court's sound discretion, *State ex rel. Dep't of Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983); *Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982), the threshold issue is whether we should exercise that discretion and consider the petition. Extraordinary relief may be appropriate where a tribunal, board, or officer has exceeded its jurisdiction or acted in an arbitrary or capricious manner, or such relief may be used to compel the performance of an act required by law. *See* NRS 34.160; *Newman*, 97 Nev. at 603-04, 637 P.2d at 536. This court will not entertain a petition when the petitioner has a plain, speedy, and adequate remedy at law. NRS 34.170. When exercising its discretion, this court may entertain petitions for extraordinary relief when judicial economy and sound judicial administration militate in favor of writ review. *See State v. Babayan*, 106 Nev. 155, 174, 787 P.2d 805, 819-20 (1990). Additionally, this court may exercise its discretion and entertain a writ petition when "an important issue of law requires clarification." *State v. Second Judicial Dist. Court (Epperson)*, 120 Nev. 254, 258, 89 P.3d 663, 665-66 (2004) (internal quotation marks omitted).

---

*...continued*
without or in excess of the jurisdiction of such tribunal, corporation, board or person." NRS 34.320. Because the district court had jurisdiction to sentence real party in interest Gregory Grant and enter a judgment of conviction, we conclude that a writ of prohibition is not the appropriate mechanism for this matter.

We elect to exercise our discretion to consider the merits of this petition because the State does not have an adequate remedy at law to address the district court's action. The State could not appeal the judgment of conviction entered by the district court. NRS 177.015(3). Although the State may appeal from an order "granting a motion to dismiss, a motion for acquittal or a motion in arrest of judgment, or granting or refusing a new trial," NRS 177.015(1)(b), the action taken by the district court does not correspond with any of those actions.

We conclude that the State's petition has demonstrated that our intervention is warranted. A trial court may "set aside the verdict and enter a judgment of acquittal if the evidence is insufficient to sustain a conviction." NRS 175.381(2). In this case, the district court set aside the verdict because it believed that real party in interest Gregory Grant was mentally ill. There was no allegation, let alone a finding by the district court, that the evidence presented by the State was insufficient to sustain a conviction. Therefore, the district court exceeded its authority under NRS 175.381(1) by setting aside the verdict. Moreover, as Grant did not pursue a plea of not guilty by reason of insanity or guilty but mentally ill at trial, he could not be found guilty but mentally ill at the conclusion of the trial. *See* NRS 175.533(1). Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the

district court to vacate its adjudication of guilty but mentally ill and amend the judgment of conviction consistent with this order.[2]

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Saitta_____, J.
Saitta

---

[2]In his answer, Grant asserted that consideration of this petition is barred by the doctrine of laches. The State filed its petition over one year after the district court entered the judgment of conviction. *See State v. Eighth Judicial Dist. Court (Hedland)*, 116 Nev. 127, 135, 994 P.2d 692, 697 (2000) (holding that eleven-month delay in filing petition for extraordinary relief warranted imposition of doctrine of laches). Such a delay suggests that the State acquiesced to the district court's judgment. *See Bldg. & Constr. Trades Council of N. Nev. v. State, ex rel. Public Works Bd.*, 108 Nev. 605, 611, 836 P.2d 633, 637 (1992) (considering "whether an implied waiver arose from the petitioner's knowing acquiescence in existing conditions" in deciding whether laches precludes consideration of writ). However, Grant failed to demonstrate that he suffered prejudice as a result of the State's delay in filing its writ petition. *Id.* (requiring showing of "circumstances causing prejudice to the respondent").

cc: Hon. James M. Bixler, District Judge
Attorney General/Carson City
Clark County District Attorney
Christopher R. Oram
Eighth District Court Clerk