135 Nev., Advance Opinion 28

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TIMMIE CAMERON, JR.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ERIC
JOHNSON, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 77669

**FILED**

JUL 18 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK



Original petition for a writ of mandamus challenging the amount of bail and conditions set by the district court.

*Petition granted.*

The Pariente Law Firm, P.C., and Michael D. Pariente, Las Vegas, for Petitioner.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Steven S. Owens, Chief Deputy District Attorney, Clark County,
for Real Party in Interest.

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

19-30397

*OPINION*[1]

By the Court, HARDESTY, J.:

Petitioner Timmie Cameron, Jr., challenges the district court's decision to increase his bail from $25,000 to $100,000, arguing that the district court lacked good cause to support the increase. Because the district court increased the bail after making an initial bail determination, it was required to make a finding of good cause under NRS 178.499(1) for the subsequent increase in bail. We conclude that the district court failed to engage in a meaningful analysis to determine whether good cause was shown, and therefore writ relief is warranted.

*FACTS AND PROCEDURAL BACKGROUND*

The State charged Cameron with first-degree kidnapping with the use of a deadly weapon, robbery with the use of a deadly weapon, battery with the use of a deadly weapon, grand larceny of a firearm, burglary, coercion, and ownership or possession of a firearm by a prohibited person. At the arraignment hearing, the justice court set bail at $25,000 with mid-level electronic monitoring. The State subsequently sought a grand jury indictment and the case was transferred to district court. The district court transferred bail and set it at $25,000—the same amount as the justice court.

After setting bail, the district court invited the State to submit a written motion for its request to increase bail to $150,000. The State filed a motion seeking to increase bail, which Cameron opposed. The district

---

[1]We granted the petition for a writ of mandamus in an unpublished order entered April 29, 2019. Petitioner subsequently filed a motion to publish the decision as an opinion. NRAP 36(f). We granted that motion by order entered June 26, 2019, and we accordingly issue this opinion in place of our April 29, 2019, unpublished order.

 

court subsequently held a hearing on the State's motion, heard arguments by the parties, and set bail at $100,000 and imposed house arrest.

## DISCUSSION

Cameron argues that his case merits writ relief because the district court improperly increased the bail without a showing of good cause as required under NRS 178.499(1). "A writ of mandamus is available to compel the performance of an act that the law requires or to control a manifest abuse of discretion." *Int'l Fid. Ins. Co. ex rel. Blackjack Bonding, Inc. v. State*, 122 Nev. 39, 42, 126 P.3d 1133, 1134 (2006); *see also* NRS 34.160. "An arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (internal quotation marks and citations omitted). A petitioner bears the burden of demonstrating that extraordinary relief is warranted, *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004), and whether to consider a writ of mandamus is ultimately within this court's discretion, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). We exercise our discretion to consider this writ petition because Cameron has no other remedy at law, *see* NRS 34.170, and "judicial economy and sound judicial administration" weigh in favor of its consideration, *Armstrong*, 127 Nev. at 931, 267 P.3d at 779 (internal quotation omitted).

As the district court determined, it was not constrained by the justice court's bail determination, as the case was not bound over from justice court. However, it chose to transfer bail and set it at the same amount as the justice court had and with the same conditions. As a result, the district court was required to find good cause for a subsequent increase

SUPREME COURT
OF
NEVADA

(O) 1947A

of bail. *See* NRS 178.499(1) (requiring that a district court have good cause to increase bail after it has made an initial bail determination). In determining whether good cause to increase bail exists, the district court should consider the statutory factors.[2] We are not convinced that the

---

[2]Pursuant to NRS 178.498, a district court must consider the following factors when setting bail:

> 1. The nature and circumstances of the offense charged;
>
> 2. The financial ability of the defendant to give bail;
>
> 3. The character of the defendant; and
>
> 4. The factors listed in NRS 178.4853.

NRS 178.4853 provides that a district court must consider the following factors when considering release without bail:

> 1. The length of residence in the community;
>
> 2. The status and history of employment;
>
> 3. Relationships with the person's spouse and children, parents or other family members and with close friends;
>
> 4. Reputation, character and mental condition;
>
> 5. Prior criminal record, including, without limitation, any record of appearing or failing to appear after release on bail or without bail;
>
> 6. The identity of responsible members of the community who would vouch for the reliability of the person;
>
> 7. The nature of the offense with which the person is charged, the apparent probability of

district court engaged in a meaningful analysis of the factors to be considered when setting, or increasing, the bail amount and other conditions of bail.

In setting the initial bail, the district court adopted the amount and conditions set by the justice court, which were premised on the justice court's review of Cameron's arrest report and criminal history, and on the State's arguments regarding Cameron's 10-year-old conviction for conspiracy to commit aggravated stalking. Nothing in the record shows that Cameron committed additional crimes in the 10 years leading up to this case or in the time he was released on bail. This record belies the State's argument and the district court's conclusion that the justice court did not fully appreciate the circumstances of Cameron's criminal history.

Additionally, the district court did not articulate why its previously imposed bail in the amount of $25,000 with mid-level monitoring was insufficient to ensure Cameron's appearance. It is likewise not clear from the record before us why the district court concluded that Cameron was a flight risk or how the facts before it were substantially different from those before the justice court. Finally, its decision to increase bail four times

---

conviction and the likely sentence, insofar as these factors relate to the risk of not appearing;

8. The nature and seriousness of the danger to the alleged victim, any other person or the community that would be posed by the person's release;

9. The likelihood of more criminal activity by the person after release; and

10. Any other factors concerning the person's ties to the community or bearing on the risk that the person may willfully fail to appear.

over the initial amount, without considering Cameron's inability to pay and over his objection, seriously undermines NRS 178.498(2)'s requirement that the district court assess a defendant's inability to post bail *before* making a bail determination. Therefore, we conclude that the district court acted arbitrarily and capriciously in increasing Cameron's bail without explaining the good cause shown, and writ relief is warranted.

## CONCLUSION

In light of the above, we grant the writ petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to explain the good cause shown for its increase of bail, taking into consideration the factors required by statute.

_____, J.
Hardesty

We concur:

_____, J.
Stiglich

_____, J.
Silver