# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID STEPHEN MIDDLETON,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
DAVID A. HARDY, DISTRICT JUDGE,
Respondents,
and
WILLIAM A. GITTERE, WARDEN; AND
AARON D. FORD, ATTORNEY
GENERAL OF NEVADA,
Real Parties in Interest.

No. 78468



FILED

OCT 11 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This petition for a writ of mandamus challenges a district court order denying petitioner's motion to disqualify the Washoe County District Attorney's Office (WCDA) and an order determining that the ethical screen was adequate. We conclude petitioner has not demonstrated that the district court arbitrarily or capriciously exercised its discretion in these matters. *See* NRS 34.160; *Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982) (recognizing that a writ of mandamus is an extraordinary remedy and that the decision to entertain such a writ rests within this court's discretion); *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (recognizing that a writ of mandamus is available to control an arbitrary or capricious exercise of discretion); *see also State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) ("An arbitrary or capricious exercise of discretion is one 'founded on prejudice or preference rather than

19-42209

on reason' . . . or 'contrary to the evidence or established rules of law.'" (quoting Black's Law Dictionary)).

The district court properly applied *Ryan's Express v. Amador Stage Lines*, 128 Nev. 289, 298, 279 P.3d 166, 172 (2012) (setting forth the procedures and factors to consider in determining the adequacy of an ethical screen), conducted a thorough evidentiary hearing regarding the ethical screen, and found that the ethical screen was effective.[1] Under these facts, we conclude that petitioner's argument falls short of demonstrating an arbitrary or capricious exercise of discretion and instead improperly seeks to substitute this court's judgment for that of the district court.[2] *State v. Eighth Judicial Dist. Court (Zogheib)*, 130 Nev. 158, 161, 321 P.3d 882, 884 (2014).

Further, even assuming that the district court should have resolved the effectiveness of the ethical screen before ruling on the motion to disqualify the WCDA, we conclude that petitioner has not demonstrated an arbitrary or capricious exercise of discretion in denying the motion. This court has previously considered the factual basis for the imputed

---

[1]Of note, the testimony adduced at the hearing established that attorney Joseph Plater and the other members of the WCDA's appellate division were instructed regarding the screen immediately after this court's 2015 decision, the members of the division abided by the instructions regarding the screen, and the files were moved and Plater had no knowledge of their location after this court ordered him to be screened from Middleton's case.

[2]We further deny Middleton's request for extraordinary relief on the ground that the district court's written order did not contain specific findings of fact and conclusions of law. The district court conducted an evidentiary hearing and addressed the relevant factors during that hearing and referenced the relevant factors in its written order.

disqualification and determined that disqualification of the WCDA was not required. *See Middleton v. McDaniel*, Docket No. 62869 (Order Granting in Part and Denying in Part Motion to Disqualify, February 27, 2015). Petitioner has not demonstrated a change in controlling law or that subsequent proceedings, including the hearing on the efficacy of the ethical screen, have produced substantially new or different evidence that would alter a determination that the WCDA did not have to be disqualified; Middleton failed to demonstrate any conflict made it unlikely that he would receive a fair consideration of his postconviction habeas petition unless the entire prosecutor's office is disqualified from the case.[3] Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Gibbons

_____, J.       _____, J.
Pickering                                        Hardesty

_____, J.       _____, J.
Parraguirre                                      Stiglich

_____, J.       _____, J.
Cadish                                            Silver

---

[3]We decline petitioner's invitation to revisit the decision in *Zogheib*, 130 Nev. 158, 321 P.3d 882, and reject petitioner's argument that the State's failure to respond to particular arguments should be deemed a confession of error. In light of our decision, we further decline to consider the State's argument that the matter has been rendered moot by Plater's retirement.

cc:    Hon. David A. Hardy, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk