IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERTO ANTONIO RIVERA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
CARLY LYNN KIERNY, DISTRICT
JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 82277

FILED

APR 1 6 2021

ELIZABETH J. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This petition for a writ of mandamus challenges the district court's resolution of an appeal from a misdemeanor conviction.[1] Petitioner argues that the district court violated due process when it rescinded a prior decision granting the appeal, sua sponte scheduled a date for rehearing, conducted ex parte communications regarding the status of the appeal, did not allow petitioner to file arguments relating to the jurisdiction to rehear or to file a reply brief, and allowed the State to file late responses to a number of petitioner's motions. We conclude that extraordinary relief is not warranted because petitioner has not demonstrated that the district court mishandled the appeal in violation of his due process rights. *See* NRS 34.160; *Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1196 (2020) (recognizing petitioner's substantial burden to

---

[1]Judge Richard Scotti presided in Department 2 of the Eighth Judicial District Court at the relevant time and handled petitioner's appeal.

21-11063

demonstrate a clear legal right to a particular course of action); *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (providing that a district court arbitrarily and capriciously exercises its discretion when it fails to follow clearly established law or bases its decision on prejudice or preference rather than reason); *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (recognizing that a writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, or to control an arbitrary or capricious exercise of discretion); *Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982) (recognizing that it is within this court's discretion to determine if a petition will be considered). Accordingly, we

ORDER the petition DENIED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Chief Judge, Eighth Judicial District Court
Department 2, Eighth Judicial District Court
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk