# IN THE SUPREME COURT OF THE STATE OF NEVADA

KYRON DEAN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MICHAEL VILLANI, DISTRICT
JUDGE,
Respondents,
 and
THE STATE OF NEVADA,
Real Party in Interest.

No. 82416

FILED

SEP 24 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of mandamus challenging a district court order denying a motion to suppress.

In October 2014, petitioner Kyron Dean was arrested and charged with robbery and booked into the Clark County Detention Center (CCDC) where at some point the State took a sample of his DNA pursuant to NRS 176.09123(1)(b), which requires that the State collect a DNA sample from all detainees charged with a felony. Dean's robbery charge was later dismissed without prejudice in July 2015.

In May 2017, officers from the Las Vegas Metropolitan Police Department (LVMPD) responded to a home break-in and theft. During the investigation, officers collected swabs of blood from the crime scene and subsequently conducted a search in the State's DNA and the national

21-27611

CODIS databases. The search in the national database resulted in a match with Dean's DNA profile, obtained when he was charged with robbery in 2014. Based on this result, officers obtained a search warrant to collect a second DNA sample from Dean to confirm the match. The LVMPD forensics laboratory reported that Dean's second DNA sample matched the blood from the crime scene.

The State indicted Dean on charges of grand larceny, burglary, and invasion of the home. Dean filed a motion to suppress evidence. Dean argued that the State's retention of his DNA profile was unlawful because the State failed to notify him of his right to expunge his DNA profile following the dismissal of his 2014 robbery charge. At the hearing on his motion, Julie Marschner, a forensic lab employee from the LVMPD DNA lab, testified that the DNA expungement forms are provided in the DNA kits that the State provides to all of the booking agencies that do DNA collections and that it "direct[s them] to put those in the inmate's belongings." Dean did not testify or provide an affidavit or declaration stating expressly that the State did not provide him an expungement form.

The district court denied Dean's motion after finding that the State did not provide him with an expungement form but that the State was only required to provide the form under any one of the three circumstances outlined in NRS 176.09165(2). Thus, because Dean did not make a written request to the Central Repository for the destruction of his biological specimen, one of the three circumstances under NRS 176.09165(2), the district court denied his motion. Dean filed an original petition for a writ of mandamus in this court requesting that we order the district court to grant his motion to suppress the DNA evidence linking him to the 2017 burglary.

We will issue a traditional writ of mandamus if the petitioner shows that (1) he or she is legally entitled to the act the writ seeks to enforce, (2) the district court is under a "legal duty" to perform the act sought, and (3) there is no other adequate legal remedy available besides having the writ granted. *Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1196 (2020) (internal quotation marks omitted). "Where a district court *is* entrusted with discretion on an issue, the petitioner's burden to demonstrate a clear legal right to a particular course of action by that court is substantial . . . ." *Id.* "Because mandamus is an extraordinary remedy, this court does not typically employ it where ordinary means, already afforded by law, permit the correction of alleged errors." *Id.* at 1197.

Alternatively, we will "grant[ advisory] mandamus relief where a petitioner present[s] 'legal issues of statewide importance requiring clarification, and [its] decision . . . [will] promote[ ] judicial economy and administration by assisting other jurists, parties, and lawyers.'" *Id.* at 1198 (quoting *MDC Rests., LLC v. Eighth Judicial Dist. Court*, 134 Nev. 315, 319, 419 P.3d 148, 152 (2018)). "A petitioner bears the burden of demonstrating that extraordinary relief is warranted, and whether to consider a writ of mandamus is ultimately within this court's discretion." *Cameron v. Eighth Judicial Dist. Court*, 135 Nev. 214, 216, 445 P.3d 843, 844 (2019) (citation omitted).

We conclude that Dean fails to meet the requirements for a traditional writ of mandamus. Although the district court summarily found that the State did not provide Dean with the expungement form, that finding is unsupported by the record. *See State v. Beckman*, 129 Nev. 481, 485, 305 P.3d 912, 916 (2013) (providing that we review a district court's factual findings "for clear error"). The State presented evidence to

demonstrate that it is the detention center's policy to provide all released detainees with the expungement form, and Dean failed to prove otherwise. *See One 1970 Chevrolet Motor Vehicle v. Cty. of Nye*, 90 Nev. 31, 33, 518 P.2d 38, 39 (1974) (providing that where the disputed evidence was obtained pursuant to a search warrant, the burden of proof to show that the search and seizure was illegal is on the defendant); *see also United States v. Willis*, 431 F.3d 709, 715 n.5 (9th Cir. 2005) ("The defendant has the burden of proof on a motion to suppress evidence . . . ."). Dean simply provided a declaration from his counsel in which he declared that "Dean d[id] not recall" having ever received this form. As such, Dean's argument that the district court erroneously interpreted NRS 176.09165(2) is irrelevant because even crediting his own interpretation of the statute, Dean cannot establish that the State violated it.[1] If the State did not violate NRS 176.09165(2), then Dean's argument that the State unlawfully retained his DNA fails. Accordingly, he cannot establish either the first or second requirement for the issuing of a traditional mandamus writ under *Walker*.[2]

---

[1]Dean cannot establish the district court had a plain legal duty to grant his motion to suppress even though the district court provided different reasoning for its decision. *Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (providing that this court will uphold a district court's order that "reaches the right result, although it is based on an incorrect ground").

[2]The State argued below that the inevitable discovery exception applied because even if Dean's DNA had been expunged, the State would have inevitably collected his DNA again due to his subsequent arrests in 2015 for "Assault with Use of a Deadly Weapon and Carrying Concealed Firearm or other Deadly Weapon, both felon[y charges]." There is no independent documentation in the record supporting the State's assertion that Dean was arrested in 2015 for assault and carrying a concealed weapon.

Finally, Dean also fails to establish the third requirement because he had an adequate legal remedy in the form of a direct appeal if he is convicted.

We further conclude that issuing an advisory mandamus writ under these facts would be inappropriate. Therefore, we need not address whether the Nevada DNA collection statutes are unconstitutional because it is not clear under these facts that Dean is entitled to suppression. *Walker*, 136 Nev., Adv. Op. 80, 476 P.3d at 1199 ("'[A]dvisory' mandamus is appropriate only where it will clarify a 'substantial issue of public policy or precedential value.'" (quoting *Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982)). Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Hardesty

_____ J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. Michael Villani, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Federal Public Defender/Las Vegas
       Eighth Judicial District Court Clerk