## IN THE SUPREME COURT OF THE STATE OF NEVADA

VALLEY HEALTH SYSTEM, LLC, D/B/A CENTENNIAL HILLS HOSPITAL MEDICAL CENTER, A FOREIGN LIMITED LIABILITY COMPANY; DR. DIONICE S. JULIANO, M.D., AN INDIVIDUAL; DR. CONRADO C.D. CONCIO, M.D., AN INDIVIDUAL; AND DR. VISHAL S. SHAH, M.D., AN INDIVIDUAL,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JERRY A. WIESE, DISTRICT JUDGE,
Respondents,
    and
ESTATE OF REBECCA POWELL THROUGH BRIAN POWELL, AS SPECIAL ADMINISTRATOR; DARCI CREECY, INDIVIDUALLY AND AS HEIR; TARYN CREECY, INDIVIDUALLY AND AS AN HEIR; ISAIAH KHOSROF, INDIVIDUALLY AND AS AN HEIR; LLOYD CREECY, INDIVIDUALLY,
Real Parties in Interest.

No. 82250

FILED

OCT 18 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER GRANTING PETITION

This is a petition for a writ of mandamus challenging a district court order denying a motion for summary judgment in a professional negligence matter on statute of limitations grounds.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-29784

Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we elect to entertain the petition and grant the requested relief as we conclude the district court manifestly abused its discretion when it denied summary judgment. *All Star Bail Bonds, Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 419, 422, 326 P.3d 1107, 1109 (2014) ("A writ of mandamus is available to compel the performance of an act that the law requires or to control a manifest abuse of discretion." (internal quotation and citation omitted)); *Ash Springs Dev. Corp. v. O'Donnell*, 95 Nev. 846, 847, 603 P.2d 698, 699 (1979) ("Where an action is barred by the statute of limitations no issue of material fact exists and mandamus is a proper remedy to compel entry of summary judgment."). While we generally disfavor petitions for mandamus relief challenging a district court's summary judgment denial, *State ex rel. Dep't of Transp. v. Thompson*, 99 Nev. 358, 361-62, 662 P.2d 1338, 1340 (1983), we nonetheless may consider such petitions "where no disputed factual issues exist and, pursuant to clear authority under a statute or rule, the district court [was] obligated to dismiss [the] action." *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997).

Petitioners argue that undisputed evidence demonstrates the real parties in interest were on inquiry notice of their professional negligence, wrongful death, and negligent infliction of emotional distress claims by June 11, 2017, at the latest.[1] Thus, petitioners contend that the

---

[1]Petitioner Valley Health System filed the instant petition. We permitted Drs. Dionice Juliano, M.D., Conrado Concio, M.D., and Vishal Shah, M.D., to join the petition. However, the district court granted summary judgment in favor of Dr. Juliano. Thus, Dr. Juliano is not a proper

SUPREME COURT
OF
NEVADA

(O) 1947A

2

real parties in interest's February 4, 2019, complaint was time-barred under NRS 41A.097(2) (providing that plaintiffs must bring an action for injury or death based on the negligence of a health care provider within three years of the date of injury and within one year of discovering the injury, whichever occurs first).[2] We agree.

The term injury in NRS 41A.097 means "legal injury." *Massey v. Litton*, 99 Nev. 723, 726, 669 P.2d 248, 251 (1983). A plaintiff "discovers his legal injury when he knows or, through the use of reasonable diligence, should have known of facts that would put a reasonable person on inquiry notice of his cause of action." *Id.* at 728, 669 P.2d at 252. A plaintiff "is put on 'inquiry notice' when he or she should have known of facts that 'would lead an ordinarily prudent person to investigate the matter further.'" *Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 252, 277 P.3d 458, 462 (2012) (quoting *Inquiry Notice, Black's Law Dictionary* (9th ed. 2009)). While the accrual date for NRS 41A.097(2)'s one-year period is generally a question for the trier of fact, the district court may decide the accrual date as a matter of law when the evidence is irrefutable. *Winn*, 128 Nev. at 251, 277 P.3d at 462.

Here, irrefutable evidence demonstrates that the real parties in interest were on inquiry notice by June 11, 2017 at the latest, when real

_____

party to the instant petition and we direct the clerk of this court to remove his name from the case caption.

[2]Petitioners argue, and the real parties in interest do not contest, that the at-issue claims all sound in professional negligence and are thus subject to the limitation period under NRS 41A.097(2). *See Szymborski v. Spring Mountain Treatment Ctr.*, 133 Nev. 638, 642, 403 P.3d 1280, 1284 (2017) ("Allegations of breach of duty involving medical judgment, diagnosis, or treatment indicate that a claim is for medical malpractice.").

party in interest Brian Powell, special administrator for the estate, filed a complaint with the State Board of Nursing. There, Brian alleged that the decedent, Rebecca Powell, "went into respiratory distress" and her health care providers did not appropriately monitor her, abandoning her care and causing her death. Thus, Brian's own allegations in this Board complaint demonstrate that he had enough information to allege a prima facie claim for professional negligence—that in treating Rebecca, her health care providers failed "to use the reasonable care, skill or knowledge ordinarily used under similar circumstances by similarly trained and experienced providers of health care." NRS 41A.015 (defining professional negligence); *Winn*, 128 Nev. at 252-53; 277 P.3d at 462 (explaining that a "plaintiff's general belief that someone's negligence may have caused his or her injury" triggers inquiry notice).[3] That the real parties in interest received Rebecca's death certificate 17 days later, erroneously listing her cause of death as suicide, does not change this conclusion.[4] Thus, the real parties in interest

---

[3]The evidence shows that Brian was likely on inquiry notice even earlier. For example, real parties in interest had observed in real time, following a short period of recovery, the rapid deterioration of Powell's health while in petitioners' care. Additionally, Brian had filed a complaint with the Nevada Department of Health and Human Services (NDHHS) on or before May 23, 2017. Similar to the Nursing Board complaint, this complaint alleged facts, such as the petitioners' failure to upgrade care, sterilize sutures properly, and monitor Powell, that suggest he already believed, and knew of facts to support his belief, that negligent treatment caused Powell's death by the time he made these complaints to NDHHS and the Nursing Board.

[4]The real parties in interest do not adequately address why tolling should apply under NRS 41A.097(3) (providing that the limitation period for a professional negligence claim "is tolled for any period during which the provider of health care has concealed any act, error or omission upon which the action is based"). Even if they did, such an argument would be

had until June 11, 2018, at the latest, to file their professional negligence claim. Therefore, their February 4, 2019 complaint was untimely.

Given that uncontroverted evidence demonstrates that the petitioners are entitled to judgment as a matter of law because the complaint is time-barred under NRS 41A.097(2), *see* NRCP 56(a); *Wood*, 121 Nev. at 729, 121 P.3d at 1029 (recognizing that courts must grant summary judgment when the pleadings and all other evidence on file, viewed in a light most favorable to the nonmoving party, "demonstrate that no genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law" (internal quotations omitted)), we hereby

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order denying petitioners' motion for summary judgment and enter summary judgment in favor of petitioners.

_____ , J.
Cadish

_____ , J.          _____ , J.
Pickering                             Herndon

unavailing, as the medical records provided were sufficient for their expert witness to conclude that petitioners were negligent in Powell's care. *See Winn*, 128 Nev. at 255, 277 P.3d at 464 (holding that tolling under NRS 41A.097(3) is only appropriate where the intentionally concealed medical records were "material" to the professional negligence claims). Finally, we have not extended the doctrine of equitable tolling to NRS 41A.097(2), and the real parties in interest do not adequately address whether such an application is appropriate under these facts. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (refusing to consider arguments that a party did not cogently argue or support with relevant authority).

cc:    Hon. Jerry A. Wiese, District Judge
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
John H. Cotton & Associates, Ltd.
Paul Padda Law, PLLC
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A