# IN THE SUPREME COURT OF THE STATE OF NEVADA

PHILLIP J. FAGAN, JR., AN INIDIVIDUAL AND AS TRUSTEE OF THE PHILLIP J. FAGAN, JR. 2001 TRUST,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ERIKA D. BALLOU, DISTRICT JUDGE,
Respondents,
   and
AAL-JAY, INC., A NEVADA CORPORATION,
Real Party in Interest.

No. 83442

FILED

MAR 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DENYING PETITION*

This is an original petition for writ of mandamus or, in the alternative, writ of prohibition, challenging a district court order granting specific performance on an order shortening time.

Petitioners Dr. Phillip J. Fagan and the Phillip J. Fagan, Jr. 2001 Trust (collectively, Fagan) and real party in interest AAL-JAY, Inc., entered negotiations in 2016 to sell Fagan's house in Las Vegas, Nevada to AAL-JAY. Negotiations apparently deteriorated significantly in the following years, resulting in AAL-JAY suing Fagan, principally pleading breach of contract. Fagan answered and counterclaimed, raising numerous claims. AAL-JAY filed an emergency motion for specific performance based on a revised purchase agreement, on an order shortening time. Following

22-08574

a hearing on the motion, the district court found a valid contract and ordered specific performance. This order did not resolve all the parties' claims or counterclaims. Fagan now petitions this court for a writ of mandamus, or, in the alternative, a writ of prohibition requesting that we vacate the district court's order.[1] While Fagan filed this petition on an emergency basis, he did not seek a stay.

"A petitioner bears the burden of demonstrating that extraordinary relief is warranted, and whether to consider a writ of mandamus is ultimately within this court's discretion." *Cameron v. Eighth Judicial Dist. Court*, 135 Nev. 214, 216, 445 P.3d 843, 844 (2019) (citation omitted). To meet this burden, the petitioner must show that: (1) he or she is legally entitled to the act the writ seeks to enforce, (2) the district court is under a "legal duty" to perform the act sought, *and* (3) there is no other adequate legal remedy available besides having the writ granted. *Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 680, 476 P.3d 1194, 1196 (2020) (internal quotation marks omitted).

To the third requirement, "[b]ecause mandamus is an extraordinary remedy, this court does not typically employ it where ordinary means, already afforded by law, permit the correction of alleged errors." *Id.* at 681, 476 P.3d at 1197. Fagan has an adequate legal remedy in the form of an appeal from a final judgment that resolves all the parties' claims and counterclaims. *See id.* at 678, 476 P.3d at 1195; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 225, 88 P.3d 840, 841 (2004). An appeal

---

[1] A writ of prohibition is applicable when a district court acts "without or in excess of [its] jurisdiction." NRS 34.320; *see also Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012). Because the district court had jurisdiction to hear and decide the issue at hand, we treat this petition as one of mandamus.

is typically preferable to a writ proceeding, even when an appeal is not immediately available, because appellate proceedings present the entire record before this court for review. *Walker*, 136 Nev. at 681, 476 P.3d at 1197. We follow our typical preference here. We conclude that the availability of an appeal bars writ relief in this matter because: (1) the district court's purported errors are reviewable on appeal, and (2) this court will benefit from the presence of a more complete record on appeal.

"This court has alternatively granted mandamus relief where a petitioner presented 'legal issues of statewide importance requiring clarification, and our decision . . . promote[d] judicial economy and administration by assisting other jurists, parties, and lawyers.'" *Id.* at 683, 476 P.3d at 1198 (quoting *MDC Rests., LLC v. Eighth Judicial Dist. Court*, 134 Nev. 315, 319, 419 P.3d 148, 152 (2018)). Having considered Fagan's arguments regarding advisory mandamus, we determine that relief is not warranted on that basis. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.       _____, J.
Stiglich                                   Herndon

cc:    Hon. Erika D. Ballou, District Judge
       Black & Wadhams
       Lewis Roca Rothgerber Christie LLP/Las Vegas
       Eighth District Court Clerk