# IN THE SUPREME COURT OF THE STATE OF NEVADA

EZRA KEMP,
Petitioner,
vs.
THE FIFTH JUDICIAL DISTRICT
COURT OF THE STATE OF
NEVADA, IN AND FOR THE
COUNTY OF ESMERALDA; AND
THE HONORABLE KIMBERLY A.
WANKER, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 84639

FILED

NOV 16 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of mandamus seeks an order directing the district court to remand Count 3 to the justice court for a preliminary hearing after the district court rejected the plea negotiations.

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office or to control a manifest abuse or arbitrary or capricious exercise of discretion. NRS 34.160; *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603‑04, 637 P.2d 534, 536 (1981). A writ of mandamus will not issue when there is a plain, speedy, and adequate remedy at law, NRS 34.170, and it is within the discretion of this court to determine if a petition for extraordinary relief will be considered, *Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982).

Although no particular deadline is specified for filing a mandamus petition that challenges a lower court's decision, the doctrine of

22-36083

laches applies.[1] *State v. Eighth Judicial Dist. Court (Hedland)*, 116 Nev. 127, 135, 994 P.2d 692, 697 (2000). In considering whether to apply the doctrine of laches, this court will consider "whether '(1) there was an inexcusable delay in seeking the petition; (2) an implied waiver arose from petitioners' knowing acquiescence in existing conditions; and, (3) there were circumstances causing prejudice to respondent.'" *Id.* (quoting *Buckholt v. Eighth Judicial Dist. Court*, 94 Nev. 631, 633, 584 P.2d 672, 673-74 (1978)).

Applying these factors, we conclude that petitioner's delay militates against entertaining this petition. In July 2015, petitioner unconditionally waived a preliminary hearing on Count 3, one of many drug charges set forth in the criminal complaint, pursuant to plea negotiations.[2] After the district court rejected the plea agreement, petitioner moved to have Count 3 remanded for a preliminary hearing.[3] The district court denied petitioner's motion on March 1, 2016, and a motion to reconsider on October 4, 2016, because the waiver was unconditional.[4] In September 2021, the district court scheduled trial for May 2022, with a calendar call in April. In April 2022, petitioner filed this mandamus petition challenging

---

[1]The State addresses laches in its answer to the petition. Petitioner did not respond to that argument.

[2]The bind-over order was limited to Count 3 and made no mention of the other charges in the criminal complaint.

[3]The decision to reject the plea agreement is not before this court.

[4]The district court entered two orders of remand for a preliminary hearing as to the other charges in the criminal complaint. As the other charges had not been bound over to the district court, it is not clear that an order of remand was necessary. However, we share the district court's concern that no action had been taken on those counts in the justice court after the negotiations were rejected. It further appears that when the petition was filed with this court, the justice court still had not conducted a preliminary hearing on the other charges.



the March 2016 decision to deny his motion for remand. Under these circumstances, we conclude the over-six-year delay in challenging the district court's decision to deny the motion for remand is inexcusable and that petitioner knowingly acquiesced to the district court's decision to deny his motion for remand. And although the State has not identified any specific prejudice, further delay in bringing this matter to trial could make a trial more difficult as witnesses may become unavailable and memories fade over time. Therefore, we decline to exercise our discretion to consider this petition, and we

ORDER the petition DENIED.[5]

_____, C.J.
Parraguirre

_____, J.
Stiglich

_____, Sr.J.
Gibbons

cc: Hon. Kimberly A. Wanker, District Judge
Jason Earnest Law, LLC
Attorney General/Carson City
Esmeralda County District Attorney
Esmeralda County Clerk

---

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A